ZAHN ET AL. *v.* BOARD OF PUBLIC WORKS ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 196. Argued March 7, 1927.—Decided May 16, 1927.

1. A zoning ordinance dividing the City of Los Angeles into five build-
ing zones and prescribing the kinds of buildings that may be
erected in each zone, *held* constitutional in its general scope
(*Euclid* v. *Ambler Realty Co.,* 272 U. S. 365), and not violative
of due process or equal protection as applied to this case. P. 327.

2. The plaintiff's lot was in a zone limited by the ordinance to buildings for residences, churches, private clubs, educational purposes, etc., and excluding buildings for private business other than physicians' offices. The value of the lot would be much enhanced if it could be used for business purposes, for which it was favorably situated. Other property in the zone was largely restricted by covenant to residential uses. The entire neighborhood at the time of the ordinance was largely unimproved but in course of rapid development. The conclusion of the city council, on these and other facts, that the public welfare would be promoted by establishing the zone can not be adjudged clearly arbitrary or unreasonable; and this court can not in such circumstances substitute its judgment for theirs. P. 328.

195 Cal. 497, affirmed.

ERROR to a judgment of the Supreme Court of California, on an original application for a writ of mandate commanding the Board of Public Works of the City of Los Angeles to issue to the petitioners a permit for the construction of a business building, suitable for occupation by stores, upon property of the petitioners in that city. An alternative writ was issued, returnable in the District Court of Appeal, which found in favor of the petitioners, holding the city zoning ordinances unreasonable and discriminatory. This was reversed, and the ordinances upheld, by the subsequent judgment of the Supreme Court, here under review.

*Mr. A. J. Hill* for plaintiffs in error.

*Mr. Lucius P. Green,* with whom *Mr. Jess E. Stephens* was on the brief, for defendants in error.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a proceeding in mandamus brought in the state court to compel defendants in error to issue a building permit enabling plaintiffs in error to erect a business

building upon a lot lying within a district of the City of
Los Angeles restricted by the zoning ordinance of that
city against buildings of that character.  The ordinance
creates five zones, designated as "A," "B," "C," "D,"
and "E," respectively, and classifies the kinds of buildings,
structures and improvements which may be erected in
each.  The ordinance is of the now familiar comprehen-
sive type, but in the main regulates only the character
of buildings which lawfully may be erected and does not
prescribe height and area limitations.  It is assailed as
being repugnant to the due process of law and equal pro-
tection clauses of the Fourteenth Amendment.  The prop-
erty of plaintiffs in error is in zone "B," in which, gen-
erally stated, the use is limited to buildings for residen-
tial purposes, churches, private clubs, educational and
similar purposes.  All buildings for private business are
excluded, with the exception of offices of persons prac-
ticing medicine.  The state supreme court, in a well rea-
soned opinion, upheld the ordinance and denied the relief
sought.  195 Cal. 497.  And see *Miller* v. *Board of Public
Works,* 195 Cal. 477.

The constitutional validity of the ordinance in its gen-
eral scope is settled by the recent decision of this court
in *Euclid* v. *Ambler Co.,* 272 U. S. 365; and upon the rec-
ord here we find no warrant for saying that the ordinance
is unconstitutional as applied to the facts in the present
case.  The property of plaintiffs in error adjoins Wilshire
Avenue, a main artery of travel through and beyond
the city; and if such property were available for busi-
ness purposes its market value would be greatly en-
hanced.  The lands within the district were, when the
ordinance was adopted, sparsely occupied by buildings,
those in which business was carried on being limited to
a few real estate offices, a grocery store, a market, a fruit
stand, and a two-story business block.  Much of the land

adjoining the boulevard within the restricted district had already been sold with restrictions against buildings for business purposes, although the property of plaintiffs in error and the adjacent property had not been so restricted. The effect of the evidence is to show that the entire neighborhood, at the time of the passage of the zoning ordinance, was largely unimproved, but in course of rapid development. The Common Council of the city, upon these and other facts, concluded that the public welfare would be promoted by constituting the area, including the property of plaintiffs in error, a zone "B" district; and it is impossible for us to say that their conclusion in that respect was clearly arbitrary and unreasonable. The most that can be said is that whether that determination was an unreasonable, arbitrary or unequal exercise of power is fairly debatable. In such circumstances, the settled rule of this court is that it will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. *Euclid* v. *Ambler Co., supra,* 388, 395; *Radice* v. *New York,* 264 U. S. 292, 294; *Hadacheck* v. *Los Angeles,* 239 U. S. 394, 408–412, 413–414; *Cusack Co.* v. *City of Chicago,* 242 U. S. 526, 530–531; *Rast* v. *Van Deman & Lewis,* 240 U. S. 342, 357; *Price* v. *Illinois,* 238 U. S. 446, 452.

*Judgment affirmed.*