CITY OF RICHMOND et al. v. DEANS.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2900.

Lucius F. Cary, of Richmond, Va. (James E. Cannon, of Richmond, Va., on the brief), for appellants.

Alfred E. Cohen and Joseph R. Pollard, both of Richmond, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. We agree with the learned judge below[1] that this case is controlled by the decisions of the Supreme Court in Buchanan v. Warley, 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201, and Harmon v. Tyler, 273 U. S. 668, 47 S. Ct. 471, 71 L. Ed. 831, reversing Tyler v. Harmon, 158 La. 439, 104 So. 200. To the same effect as these Supreme Court decisions is the Virginia decision of Irvine v. City of Clifton Forge, 124 Va. 781, 97 S. E. 310, which follows them. Attempt is made to distinguish the case at bar from these cases on the ground that the zoning ordinance here under consideration bases its interdiction on the legal prohibition of intermarriage and not on race or color; but, as the legal prohibition of intermarriage is itself based on race, the question here, in final analysis, is identical with that which the Supreme Court has twice decided in the cases cited.

We have carefully considered the cases of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, and Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074, upon which defendant relies; but we do not think that they are in point. They deal with the right of a city to forbid the erection of buildings of a particular kind or for a particular use within certain sections of the city, which manifestly is a very different question from that involved here. That the Supreme

Court did not consider that the doctrine of Buchanan v. Warley was in any way overruled or limited by Euclid v. Ambler, is shown by the fact that Harmon v. Tyler was decided five months after the latter case, and its decision was expressly based on the former. There was no error, and the decree below is affirmed.

Affirmed.