**KOCH et al. v. CITY OF TOLEDO et al.**

Circuit Court of Appeals, Sixth Circuit. January 21, 1930.

No. 5336.

U. G. Denman, of Toledo, Ohio (and Herbert W. Nauts and Denman, Miller & Wall, all of Toledo, Ohio, on the brief), for appellants.

Martin S. Dodd, of Toledo, Ohio, for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge. The city of Toledo enacted a zoning ordinance, dividing the city into five zones and classifying the kind of buildings and improvements that might be constructed in each. Appellants own property in a zone which is limited by the ordinance to churches, schools, and private residences. Desiring to construct a three-story apartment building, containing eighteen apartments of four and five rooms each on this property, appellants applied to the city for a building permit for that purpose. The permit was refused, and appellants filed this bill to restrain the enforcement of the ordinance, alleging that in so far as it prevented them from constructing the building it violated both the Fourteenth Amendment to the Constitution of the United States, and section 19 of article 1 of the Constitution of Ohio.

Since Euclid v. Ambler Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, it has been generally accepted as settled that a municipality may enact ordinances, creating residential districts from which business and trade, hotels and apartment houses, are excluded. Any doubt of the power of the city to exclude apartment houses from such districts that remained after that decision was removed by Beery v. Houghton, 273 U. S. 671, 47 S. Ct. 474, 71 L. Ed. 832, affirming State v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012. In passing upon ordinances of this kind, the courts have been unwilling to substitute their judgment for that of the legislative body charged with the duty of determining the necessity and character of the regulation (Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; Gorieb v. Fox, 274 U. S. 603, 47 S. Ct. 675, 71 L. Ed. 1228, 53 A. L. R. 1210); but it has been understood, of course, that a city may not act arbitrarily and unreasonably, and that an ordinance may be valid in its general aspects and at the same time be "clearly arbitrary and unreasonable" as applied to a particular state of facts. It was upon this latter hypothesis that the decisions of this court in Village of University Heights v. Cleveland Jewish Orphans' Home (C. C. A.) 20 F.(2d) 743, 54 A. L. R. 1008, and of the Supreme Court in Nectow v. Cambridge, 277 U. S. 183, 48 S. Ct. 447, 72 L. Ed. 842, were based.

The property which the appellants own is situated in one of the desirable residential districts of the city. All of the property in the district is residential, and much of it is held under title covenants prohibiting the building of apartment houses. Appellants' property is so located that to permit its use for the apartment house which they propose to build would impair the value of and render less desirable the other residential property in the district. It is the purpose of the ordinance to limit the use of residential property in this district to one and two-family residences. We cannot say that an ordinance effecting that purpose is arbitrary and unreasonable, or violates the Fourteenth Amendment as applied to appellants' property. Nor

does it seem to us to violate the Constitution of Ohio as interpreted by the Supreme Court of that state. In Pritz v. Messer, 112 Ohio St. 628, 149 N. E. 30, the court sustained a comprehensive zoning ordinance of this character as not prohibited by the state Constitution, but held that it had no application to the case at hand, because the permit for the building was issued before the enactment of the ordinance. The implications of the opinion in that case are that, had the permit been applied for after the enactment of the ordinance, it would have been the duty of the building commissioner to deny the application. Youngstown v. Kahn Brothers Building Co., 112 Ohio St. 654, 148 N. E. 842, 43 A. L. R. 662, decided the same day as Pritz v. Messer, involved the construction of an ordinance relating to a "certain small district," and is not to be accepted as determining that apartment houses cannot be excluded from a residential district, under a zoning ordinance covering the entire city.

The decree is affirmed.