**JONES et al. v. OKLAHOMA CITY et al.**

No. 1201.

Circuit Court of Appeals, Tenth Circuit.

Aug. 5, 1935.

Herbert K. Hyde, of Oklahoma City, Okl. (Ethelbert T. Barbour, of Oklahoma City, Okl., on the brief), for appellants.

Ralph J. May, Asst. Municipal Counselor, of Oklahoma City, Okl. (Harlan Deupree, Municipal Counselor, of Oklahoma City, Okl., on the brief), for appellees.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

The bill of complaint in this case, dismissed on motion, is inaptly drawn. All appellants, four of them negroes and the other a white woman, reside in Oklahoma City. The subject matter of the complaint is a segregation ordinance of the city, which broadly excludes negroes from residing in city blocks 51% or more of the resident property therein being occupied by white persons. The ordinance also prohibits white persons from residing in a block 51% or more of the resident property therein being occupied by negroes. It likewise contains prohibitions on the same basis against schools or places of assembly. It saves to lessors and lessees their rights under leases made prior to the passage of the ordinance, and the continuation and operation of any business as it existed at the time of its passage. It excludes white persons from the use of parks designated for the exclusive use of negroes. It provides penalties and prosecutions therefor in the Municipal Court. It was approved by the mayor on March 6, 1934. This suit was instituted August 2, 1934, and the decree of dismissal was entered on October 9, 1934. The defendants, appellees here, are the city of Oklahoma City, its mayor, city manager, chief of police, and municipal judge. It is alleged and shown by attached exhibits that each of the plaintiffs was arrested, taken into police court before the municipal judge, found guilty of violating the ordinance, and fines and costs imposed on them. They appealed to the state district court, and their appeals were pending when this bill was filed. The earliest arrests were made in July, 1934.

The bill seeks injunctive relief against the city and its named officers enjoin-

ing each of them from enforcement of the ordinance as against each and all of the plaintiffs and any other inhabitants of the city, whites or negroes, and alleges that plaintiffs sue in behalf of all said inhabitants as well as in the protection of their own claimed rights. It alleges in substance that the ordinance deprives the plaintiffs of their property rights, immunities and privileges without due process of law and without equal protection of law in contravention of the Fourteenth Amendment to the Constitution of the United States and in conflict with the Fifth Amendment thereto and in violation of certain acts of Congress (R. S. §§ 1977, 1978, 1979, 8 USCA §§ 41, 42, 43). It does not allege that the ordinance was passed and adopted by state authority or that it has been or will be enforced by any state officer, nor does it allege that the state has conferred authority or color of authority on any state officer to enforce the ordinance. On the contrary, it specifically alleges that the ordinance was passed by the city in violation of express provisions of the Constitution of Oklahoma, which extend to its citizens guaranties like those relied on in the Constitution of the United States.

There being no diverse citizenship, the District Court held that it was without jurisdiction, relying on Barney v. New York, 193 U. S. 430, 24 S. Ct. 502, 48 L. Ed. 737, Hamilton Gaslight & C. Co. v. City of Hamilton City, 146 U. S. 258, 13 S. Ct. 90, 36 L. Ed. 963, and Memphis v. Cumberland T. & T. Co., 218 U. S. 624, 31 S. Ct. 115, 54 L. Ed. 1185. There is no allegation of state action in authorizing adoption of the ordinance .or its enforcement,—legislative, judicial or executive. Buchanan v. Warley, 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201, was an appeal from the Court of Appeals of Kentucky, which sustained a segregation ordinance like the one here. Harmon v. Tyler, 273 U. S. 668, 47 S. Ct. 471, 71 L. Ed. 831, was an appeal from the Supreme Court of Louisiana (158 La. 439, 104 So. 200), the later court having sustained a segregation ordinance of the city of New Orleans like the one here involved. Also, we think it must be that prior to the institution of the suit in the Federal Court [City of Richmond v. Deans (C. C. A.) 37 F.(2d) 712, affirmed in 281 U. S. 704, 50 S. Ct. 407,

74 L. Ed. 1128], the Supreme Court of Appeals of Virginia had sustained a like segregation ordinance of Richmond in Hopkins et al. v. City of Richmond, 117 Va. 692, 86 S. E. 139, Ann. Cas. 1917D, 1114. Thus the bill fails to state a case under the constitutional guaranties relied on, nor does it comply with the terms of the jurisdictional section in such cases. 28 USCA § 41 (14). See, also, Home T. & T. Co. v. Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510; City of Louisville v. Cumberland T. & T. Co. (C. C. A.) 155 F. 725, 12 Ann. Cas. 500; Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 S. Ct. 272, 44 L. Ed. 374.

We have passed without comment many formal defects of the bill. One's constitutional rights are personal to himself. They may under some circumstances be waived. Clearly there is misjoinder of parties plaintiff.

The action of the District Court in dismissing the bill because without jurisdiction should be affirmed. It is so ordered.