FRANKLIN SAVINGS INSTITUTION OF NEWARK, A CORPORATION, PROSECUTOR, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, AND SAMUEL FELDMAN, NATHAN T. SCHREIBER, ALLEN W. LEONARD, ANDREW J. NOLAN AND JOHN B. ROONEY, CONSTITUTING THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, DEFENDANTS.

Submitted October 4, 1938—Decided January 25, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Child, Riker, Marsh & Shipman.*

For the defendants, *James F. X. O'Brien (Joseph A. Ward,* of counsel).

The opinion of the court was delivered by

PORTER, J.   This writ brings up for review the refusal of the proper authority to grant a building permit to the prosecutor for the erection of a two-story building to be used as a gasoline and automobile service station with offices above at Nos. 75 to 89 Clinton avenue in the city of Newark.

The proposed building site is located in what is known as the "second business zone," in which are prohibited public garages.   It is not disputed that the proposed building comes within that classification.

An application for a building permit having been denied by the zoning enforcement officer of the city an appeal was taken on April 19th, 1938, to the Board of Adjustment. Application was made for an exception or variation from the building ordinance so as to permit the construction of the proposed building for said uses.

A public hearing was held and testimony taken.   The said board by a majority vote of its members denied the permission applied for.

On May 14th, 1938, a rule to show cause was allowed why a writ of *certiorari* to review the proceedings should not be allowed. Leave was given therein to take depositions "to be used in the argument of the rule." Depositions were taken, on behalf of the prosecutor, and on the return of the rule the writ was issued.

It provides for the review of the proceedings and record before the board and we are limited accordingly and cannot consider the depositions taken in support of the rule to show cause. The efficacy of same ceased with the issuance of the writ. *Cook* v. *Board of Adjustment,* 118 *N. J. L.* 372; *Shaiman* v. *Mayor, &c., Newark,* 15 *N. J. Mis. R.* 437.

Confining ourselves, as we must, to what was developed in the proceedings and record before the Board of Adjustment we find that there were presented issues of fact in dispute as to whether the contemplated use of the property was designed to promote the public health, safety or welfare—proper issues within the jurisdiction of the board under the statute. Thus the board was called upon to exercise its judgment and sound discretion on the issues before it. Under those circumstances the courts cannot reverse the action of the board in the absence of fraud, capriciousness, abuse of discretion or arbitrariness. We find none of these elements present. *Allen* v. *Paterson,* 98 *N. J. L.* 661, 663.

We cannot substitute our judgment for that of the board. *Zahn* v. *Board of Public Works of Los Angeles,* 274 *U. S.* 325; 71 *L. Ed.* 1076.

The writ is dismissed, with costs.