[Civ. No. 14618.   Second Dist., Div. One.   Feb. 26, 1945.]

J. RAY BURKE et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Robert J. Sullivan for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Roger Arnebergh, Deputy City Attorney, for Respondents.

DRAPEAU, J. pro tem.—The plaintiffs in this case are owner and lessee, respectively, of a lot in the city of Los Angeles, located in a subdivision known as Brentwood Park. Upon this lot there is a small building used by plaintiff-lessee as a real estate office. For several years prior to 1924, a real estate office was maintained upon the property in a building which was removed during that year. There was nothing on the lot for a month or two, when the building now there was moved to and placed upon it. With the exception of about a year this latter building has since been used as a real estate office.

In December, 1924, after the latter building was placed upon the lot, the then owner, in accordance with provisions

of the Los Angeles zoning ordinance, applied for and received a variance notwithstanding Brentwood Park was zoned for residential use only. This variance permitted the use of the building as a real estate office for one year. No request has since been made for extension and no extension of this period of one year has been granted by the city.

The city zoning ordinance became effective as to this property in September, 1923, and Brentwood Park was zoned exclusively for single residence buildings.

Alleging that the city of Los Angeles threatened to force them to desist using the premises for a real estate office, the plaintiffs filed complaint in the superior court against the city and its planning commissioners, praying for declaratory relief and a judgment enjoining the city from interfering with this use. The trial court found that Brentwood Park was zoned for residential use only, and that the plaintiffs had no right to use the property in question for any other purpose.

From this judgment plaintiffs appeal, and urge the following grounds for reversal: 1. That the zoning ordinance is not applicable, because the lot was used for a real estate office before and after the adoption of the ordinance. 2. That in this case the application of the zoning ordinance is arbitrary and unreasonable.

█ The first ground of contention is answered when it is admitted that the first building was removed and the property stood vacant for a time after the zoning ordinance went into effect, the second building having been thereafter moved upon the lot. Moreover, the then owner, conforming to the ordinance, asked for and was granted a variance for one year to maintain a real estate office upon the premises,—a variance which was never extended. █ User for commercial purposes in districts zoned for residential purposes, if subsequent to enactment of the zoning ordinance, confers no vested right for continuance thereof. (*Acker* v. *Baldwin*, 18 Cal.2d 341 [115 P.2d 455].)

█ The second ground of contention is even more readily answered by *Acker* v. *Baldwin*, *supra*, in which it is held that if there is a reasonable basis for the belief that the establishment of a strictly residential district has substantial relation to the public health, safety, morals or general welfare, a zoning ordinance to establish that purpose will be upheld. The record shows that 75 per cent of Brentwood Park is occupied by single-family residences. It is neither arbitrary nor un-

reasonable for a city to forbid commercial user of lots in such an area. Should a real estate office be permitted upon the premises involved in this case, then further exceptions may well be contended for and granted to the extent that the value of the area for residential purposes may eventually be destroyed.

The action of the city, under its police power, forbidding business use of the property in question being fairly debatable, the court will not substitute its judgment for that of the legislative and executive body charged with the duty and responsibility of determining the question. (*Acker* v. *Baldwin, supra; Miller* v. *Board of Public Works,* 195 Cal. 477 [234.P. 381, 38 A.L.R. 1479] ; *Otis* v. *City of Los Angeles,* 52 Cal.App.2d 605 [126 P.2d 954] ; *Sunny Slope Water Co.* v. *Pasadena,* 1 Cal.2d 87 [33 P.2d 672] ; *Marblehead Land Co.* v. *City of Los Angeles,* 47 F.2d 528; *Zahn* v. *Board of Public Works,* 274 U.S. 325, [47 S.Ct. 594, 71 L.Ed. 1074].)

The judgment is affirmed.

York, P. J., and White, J., concurred.