Cheshire,
Feb. 11, 1946.} No. 3533.

GLENROY W. SCOTT, *Ap't v.* J. EARL DAVIS & *a.*

*Roy M. Pickard* (by brief and orally), for the appellant.

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the estate of Agnes M. Foley.

*Edward C. Sullivan*, City Solicitor, for the city of Keene, furnished no brief.

MARBLE, C. J.   The decision of the city government to make the change in the ordinance which Mr. Davis requested was subject to the statutory right of any taxpayer to appeal therefrom within thirty days.   R. L., c. 51, s. 64.

While ordinarily a court is not authorized to substitute its judgment for that of either a city government or a board of adjustment (38 Mich. Law Rev. 431, 432, and authorities cited in note 4; *Zahn* v. *Board*, 274 U. S. 325, 328), we believe that the Superior Court was so authorized under sections 64 to 69 of the Zoning Act (R. L., c. 51). We have already so held in relation to the decisions of boards of adjustment.   *Vogel* v. *Board*, 92 N. H. 195.

The form of the Zoning Act, when first introduced in the Senate of 1925 as Senate Bill No. 16, was that of the "Standard Enabling Act" (see Metzenbaum, "Law of Zoning," 303, 309).   What is now section 64 related in first draft merely to the decisions of boards of adjustment, but was amended to include "any decision of the legislative body" of a municipality "in regard to its plan of zoning," and what is now section 65, entitled "Appeals to Court," was substituted for the original provision allowing writs of *certiorari*.

Since no provision limiting the extent of the court's revisory power appears in the act, we believe that it was the legislative intent to treat both appeals, whether from the decisions of boards of adjustment or from the decisions of city governments, on precisely the same basis. This being so, the rule of the *Vogel* case is applicable.

At the hearing before the city government the appellees (Mr. Davis and those associated with him) assumed the burden of proving a public need for the amendment in question, and inasmuch as an appeal is merely a continuation of the original proceeding, they were required to assume that burden in the Superior Court.

Because the object of the petition to the city government was the acquisition of a special privilege, much of the evidence centered on the disadvantages of the old location of the funeral home as contrasted with the advantages of the new location—evidence which had no material bearing on the broad question of public interest.

No substantial reasons for the amendment which were not personal

were advanced at the trial, nor, so far as the record discloses, at the original hearing. In his petition to the city government Mr. Davis failed to allege any occasion for the requested change other than the fact that it would make possible the sale of his property to Mr. Foley. Indeed, the case appears to have been tried from beginning to end as though the conflicting interests (those of Mr. Scott, on the one hand, and those of Mr. Davis and Mr. Foley, on the other) comprised the only question for determination; in other words, as though Mr. Davis' petition were an application to a board of adjustment for the granting of an exception. See *Kennedy* v. *Evanston*, 348 Ill. 426, 434.

It follows that since the evidence was not directed to the essential issue of public interest, the decision appealed from must be set aside. Nothing herein contained, however, is to be construed as precluding the appellees from filing a new petition with the city government.

*Appeal sustained.*

Burque, J., dissented: the others concurred.