42

Thomas SAVAGE, Elizabeth Z. Savage, Raymond M. Cole, Nathan P. Malcolm, Elsie Malcolm, J. E. Polkinghorne, Edward Jesse and Mary Jesse, Plaintiffs,

v.

IOWA DEVELOPMENT COMPANY, a corporation, Chicago Great Western Railway Company of Minnesota, a corporation, Town of Inver Grove, and Bryan D. McGroarty, Albert Fisher and Charles Boche, individually, and as members of the Board of Supervisors of the Town of Inver Grove, Dakota County, Minnesota, Defendants.

Civ. No. 2681.

United States District Court
D. Minnesota, Third Division.

April 13, 1955.

Lawrence L. Lenertz, South St. Paul, Minn., for members of the Town Board of Inver Grove, Bryan D. McGroarty, Albert Fisher, and Charles Boche and for the said members individually in support of the motion to dismiss.

Robert F. Leach and John G. Robertson (of Oppenheimer, Hodgson, Brown, Baer & Wolff), St. Paul, Minn., for plaintiffs in opposition to the motion.

Vance B. Grannis (of Grannis & Grannis), South St. Paul, Minn., for defendants in support of the motion.

BELL, District Judge.

This suit is to challenge the action of the Board of Commissioners of the Town of Inver Grove, the local governing board of the township under the laws of the State of Minnesota. The Complaint further prays for an injunction of the enforcement of the action of the Board and that the defendant Iowa Development Company be enjoined from conveying six hundred acres of its land to a purchaser for industrial purposes. Furthermore, that the Chicago Great Western Railway Company be enjoined from the construction of a spur track on a portion of said land and that all defendants be permanently enjoined from acting under said rezoning ordinance. In brief, the suit attacks the validity of a rezoning ordinance of the Town Board of Inver Grove.

It is the plaintiffs' contention that the Court has jurisdiction over the above entitled action as a case arising under the Constitution of the United States, Title 28 U.S.C. § 1331 which provides "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum of $3,000, exclusive of interests and costs, and arises under the Constitution, laws or treaties of the United States." The Complaint alleges that the matter in controversy exceeds the sum of $3,000 exclusive of interest and costs and further alleges the facts on which said claim is based. For the purpose of the motion before the Court, these allegations are deemed to be admitted. The Complaint alleges that plaintiffs have been deprived of their property without due process of law and that they have been denied the equal protection of the laws under the Fourteenth Amendment to the United States Constitution. In support of the allegations, plaintiffs allege that the amendments to the zoning ordinances herein challenged are void because: (a.) they constitute haphazard zoning; (b.) they were enacted without consideration of, or relation to the public health, comfort, safety and welfare of the Township of Inver Grove; (c.) they were passed as a special favor to certain of the defendants and without consideration as to any change of the character of the property involved; (d.) they are unreasonable, arbitrary, capricious, and discriminatory in their effect upon plaintiffs. All these allegations are deemed admitted for the purpose of the motion under consideration. The allegations of the Complaint are assumed to be true, also the data contained in the map attached to plaintiffs' Complaint, also the data contained in a map submitted by the defendants and answers in reply to interrogatories propounded by the defendants to the plaintiffs.

The defendants strongly contend that the Board of Commissioners of Inver Grove Township clearly was acting within its powers and that the reclassification of the lands for industrial purposes was perfectly regular and legal in every respect. In short, the defendants contend that rezoning the property in Inver Grove Township was not a violation of the Constitution or in contravention of any laws of the United States.

The plaintiffs are citizens of Minnesota. The defendant Iowa Development Company is an Iowa corporation. The Chicago Great Western Railway Company is a corporation and a citizen of Minnesota. The Town of Inver Grove is organized as a Township under the laws of the State of Minnesota, the local government of which is vested in a Board of Commissioners. The members of the Board and the individuals thereof together with the corporations are named as defendants.

The corporate defendants on March 7, 1955 at the Federal Courts Building, St. Paul, Minnesota, presented to the undersigned Judge of this Court a motion for an order of the Court dismissing the above entitled action on the grounds that the Court is without jurisdiction and the facts alleged are insufficient to sustain an order granting the relief prayed for in the Complaint.

The plaintiffs Thomas and Elizabeth Savage are the owners of nine acres of land. Polkinghorne owns twenty-six acres, and Nathan and Elsie Malcolm are the owners of approximately twenty acres all situated in the Township of Inver Grove and all used for agricultural purposes and as a homestead of the owners respectively.

The Town of Inver Grove in fact is a township and contains many thousand acres of land, a part of which is wooded, but the greater part of which is used for agricultural purposes. The township is sparsely settled over a large area with the exception of a village that lies in the township with a few hundred population. The township lies on the south side of the Mississippi River and across

the river from the business district of the City of St. Paul, a congested modern city.

Until recently there has been little demand for lands within the Township. However, in the last few years modern progress has been knocking at the door of the Inver Grove community for industrial sites. The Great Northern Oil Company has purchased several hundreds of acres of land adjacent to Inver Grove and has constructed thereon a modern oil refinery at a cost of approximately $25,-000,000.00. The Iowa Development Company has granted an option to the St. Paul Ammonia Products Inc. for the sale of 250 acres of land in the Township of Inver Grove for the purpose of erecting thereon a plant at a cost of approximately $15,000,000.00 for the manufacture of ammonia products. This plant is to be four miles from the Village of Inver Grove, and there is no allegation in the Complaint or contention made that such a plant would be a nuisance in any respect. The prospective purchaser has represented that it is ready, able, and willing to proceed immediately with the construction of its enterprise, but that unless it can acquire the location at an early date, it must seek a different situs.

Inver Grove adopted a zoning ordinance in June, 1951 in which it was provided that owners of property desiring to change the classification of lands in the Township could file a petition and present the facts to the members of the Town Board. The Iowa Development Company presented such a petition and was given a public hearing on January 7, 1955 in which more than 600 acres of land of said company in and adjacent to Inver Grove were reclassified from agricultural to industrial uses. None of the lands of the plaintiffs was reclassified, and no effort has been made to condemn or take the lands of any of the plaintiffs.

The plaintiffs allege in their Complaint, that while the lands of plaintiffs were not involved in the rezoning proceeding of January 7, 1955, or rezoned that the action of the Board in rezoning the lands of the Iowa Development Company in effect depreciates the value of plaintiffs' property.

For the purpose of this decision the Court will consider only the following matter which it clearly appears can not be controverted as follows: (1.) the plaintiffs' map attached to their Complaint; (2.) the plaintiffs' answers to interrogatories submitted by the defendants; (3.) the map attached to defendants' affidavit which differs from the plaintiffs' map mainly in that it shows a larger area including an industrialized area in Rosemount Township directly adjacent to and south of the land owned by the plaintiffs and the land in Inver Grove Township which was zoned industrial by the action of the Board on January 7, 1955. It is also slightly different from the plaintiffs' map with respect to a small area in Inver Grove Township which was zoned industrial; (4.) the fact as stated in the affidavits and on the defendants' map that a $25,000,000.00 oil refinery is being constructed in Rosemount Township directly adjacent to and south of the land zoned for industrial purposes by the Board of Commissioners of Inver Grove Township on January 7, 1955.

It was represented to the Court at the hearing of the motion now under consideration and in the brief on behalf of the Town Board that the plaintiffs Raymond M. Cole and Edward and Mary Jesse have withdrawn from this suit. A formal dismissal has not been filed by them.

The motion to dismiss on the ground that the Complaint fails to state sufficient facts upon which the relief prayed for in the Complaint can be granted presents a difficult question in this case. The motion should not be granted unless it appears to a certainty that the plaintiffs would not be entitled to any relief under any state of facts which could be proved in support of their alleged claim. The questions here have had con-

sideration by the Court of Appeals for the Eighth Circuit in Dennis v. Village of Tonka Bay, 151 F.2d 411, in which it was held that a motion for a preliminary injunction in cases of this character was addressed to the sound discretion of the Federal District Court; also that a motion to dismiss a complaint for failure to state a claim on which relief can be granted is a substitute for the former demurrer in actions at law and for motions to dismiss for want of equity in suits in equity; furthermore, that a motion to dismiss a complaint for failure to state a claim on which relief can be granted admits the existence and validity of a claim as stated but challenges the plaintiff's right to relief.

In Marblehead Land Co. v. City of Los Angeles, 9 Cir., 47 F.2d 528, 532 the Court said:

"The legislative body intrusted with the police power has a wide discretion which cannot be interfered with by the courts. Their laws or ordinances enacted in pursuance of the police power are invested with a strong presumption of validity. If the question as to whether or not the legislation is unreasonable or arbitrary or an unequal exercise of power is fairly debatable, the legislation must be upheld as valid. Zahn v. Board of Public Works, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074, supra, and cases therein cited."

In Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, the Court said:

"If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control."

James Metzenbaum in his textbook "The Law of Zoning" (Published 1930 by Baker Vorhis & Co., New York) says in part on pages 300, 301:

"Courts will not measure their judgment against that of the legislative branch, as to expediency, advisability or reasonableness, unless there is plainly and palpably no relation between the legislation on the one hand, and the public welfare, on the other hand. The illegality must be plain, apparent and beyond debate, before Courts are justified in declaring 'police power' legislation to be invalid or unconstitutional."

The Supreme Court of Minnesota in Kiges v. City of St. Paul, 240 Minn. 522, 62 N.W.2d 363, has held zoning ordinances which are fair in their requirements are sustained as an exercise of police power; exercise of police power is legislative, and legislative policy in respect thereto is not for the courts unless personal or property rights are constitutionally affected by such exercise; in determining the validity of municipal zoning ordinance, it is presumed that the legislative body investigated and found that conditions were such that the ordinance was appropriate; the action of the city council in the zoning field, in the exercise of police power, is legislative; and if the validity of legislative classification for zoning purposes is fairly debatable, the legislative judgment must be allowed to control.

In an answer to interrogatories the plaintiffs Savage stated that they had granted an option for an easement for the transportation of water over a part of their nine acres of land for a consideration of $45,000.00. Undoubtedly they cannot make such sale unless the tract owned by them is reclassified to industrial purposes. It is likely that they will then take a position exactly opposite to that taken in this suit.

The Court must bear in mind that the lands of the plaintiffs are in a sparsely settled community, were not rezoned January 7, 1955 when the lands of the defendants were rezoned on that date, that none of the lands of the plaintiffs were taken, that they remain intact and in possession of the plaintiffs only. It has been said that their values have been decreased, but the plaintiffs in answer to

**46**

interrogatories admit that the value of their lands have increased from one-third to one-half. Moreover, the Supreme Court of the United States has held that a mere diminution in the value of property is not a taking under the due process clause of the Constitution. In the case of California State Automobile Association Inter-Insurance Bureau v. Maloney, 341 U.S. 105, 71 S.Ct. 601, 604, 95 L.Ed. 788, the Court said:

> "Appellant's business may, of course, be less prosperous as a result of the regulation. That diminution in value, however, has never mounted to the dignity of a taking in the constitutional sense."

Notwithstanding the fact that 600 acres of land in an industrial area owned by the Iowa Development Company has been rezoned in a regular proceeding before the Board of Commissioners of Inver Grove, attended by at least one of the plaintiffs who was represented by counsel, the plaintiffs have sought the equity jurisdiction of this Court to enjoin the defendant from selling its lands for industrial purposes, to enjoin the defendant railway company from constructing a spur track on its own lands and to enjoin the enforcement of the rezoning action of the local governing board of Inver Grove.

When the principles of law are inadequate, equity may be invoked to prevent irreparable injury. The important question here is whether the Court should grant equitable relief under the facts stated in the Complaint. This Court is forced to the conclusion that the plaintiffs have not stated a cause of action justifying equitable relief. While the Court has jurisdiction to hear and determine controversies arising under the Constitution, laws or treaties of the United States, the Court must conclude that the Complaint in this case does not state facts on which the relief prayed can be granted, and on this ground this suit should be dismissed. Orders will be made accordingly.