Peter T. KROEGER, t/a Mobile Radio Dispatch Service, Plaintiff-Appellant,

v.

Kenneth F. STAHL, Building Inspector of Greenbrook Township, a municipal corporation of New Jersey; The Board of Adjustment of Greenbrook Township, and the Township of Greenbrook, a municipal corporation of New Jersey.

No. 12189.

United States Court of Appeals Third Circuit.

Argued May 17, 1957.

Decided Aug. 23, 1957.

---

Frederick F. Richardson, New Brunswick, N. J., for appellant.

John Andrew Reid, Plainfield, N. J., for appellees.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

SORG, District Judge.

This is an appeal from a judgment for defendants, sustaining the validity of a zoning ordinance, in an action tried to the court below without a jury.

Plaintiff operates a radio station, licensed by the Federal Communications Commission, and services his customers' mobile vehicles both within and outside New Jersey. He desires to transfer his station from its present location at New Brunswick to a location on property he has purchased within a district zoned residential in Greenbrook Township, Somerset County, New Jersey. A special temporary authorization (later extended) to conduct radio tests at the new site was granted by the Federal Communications Commission to determine the extent and nature of interference caused to other stations in the area. Plaintiff applied to Kenneth Stahl, Building Inspector of Greenbrook Township, one of the defendants, for a building permit to construct on the proposed new site a 75 foot radio mast together with a small housing at the base of the mast for the necessary electrical equipment. His application was denied on the ground that the site was zoned "residential" under an ordinance of Greenbrook Township and that a variance from the Board of Adjustment would be required. Plaintiff did not seek such a variance but sought equitable relief in the court below to require the defendants to cease and desist from interfering with the construction and operation of the structures to be used in conducting the tests.

On this appeal plaintiff raises the following points:

1. The Greenbrook Township Zoning Ordinance conflicts, in an irreconcilable manner, with the Radio Communications Act.

2. The ordinance is not a proper exercise of the police power.

3. The enforcement of the ordinance adds unwarranted and costly burdens to interstate commerce.

4. The ordinance is arbitrary and unreasonable as applied to plaintiff's property and constitutes a virtual confiscation.

■■ The District Court has found that the property in question is usable for residential purposes and that the evidence does not establish that it is the only suitable and available location for the intended use. There is no reason to disturb these findings. It is also to be noted that the plaintiff acquired the property involved after the ordinance in question was in full force and effect. While this does not preclude the plaintiff from attacking the validity of the ordinance it must weigh heavily against him in evaluating the extent of injury to

his property. Ardolino v. Board of Adjustment, Borough of Florham Park, 1957, 24 N.J. 94, 130 A.2d 847.

■ All presumptions are indulged in favor of the validity and reasonableness of a zoning ordinance if it is within the legislative power of the municipality. Sinclair Refining Co. v. City of Chicago, 7 Cir., 1949, 178 F.2d 214. 62 C.J.S. Municipal Corporations, § 228(2) c (a), p. 565.

■ It is also well settled that a municipal ordinance restricting the use of property in certain zones for residential purposes only, is not of itself an improper exercise of police power even though it may limit the marketability of certain property therein, and that, before such ordinance can be declared unconstitutional, its provisions must be shown to be clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Euclid, Ohio, v. Ambler, 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; Zahn v. Board of Public Works, 1927, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074.

Plaintiff has not overcome the presumption of validity in the general application of the ordinance, nor has he established such irreparable injury as to constitute a deprivation of property or a clearly arbitrary and unreasonable restriction as to its use not related to the public purposes which give rise to the proper exercise of police power. Nectow v. City of Cambridge, 1928, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842.

As to whether or not the ordinance is inconsistent with powers delegated by Congress to the Federal Communications Commission or is an unwarranted interference with interstate commerce, the following quotations set forth in the opinion of the District Court are appropriate:

"In conferring upon Congress the regulation of commerce, it was never intended to cut the States off from legislating on all subjects relating to the health, life, and safety of their citizens, though the legislation might indirectly affect the commerce of the country. Legislation, in a great variety of ways, may affect commerce and persons engaged in it without constituting a regulation of it, within the meaning of the Constitution." Sherlock v. Alling, 1876, 93 U.S. 99, 103, 23 L.Ed. 819; and

"The principle is thoroughly established that the exercise by the state of its police power, which would be valid if not superseded by federal action, is superseded only where the repugnance or conflict is so 'direct and positive' that the two acts cannot 'be reconciled or consistently stand together'." Kelly v. State of Washington, 1937, 302 U.S. 1, 10, 58 S.Ct. 87, 92, 82 L.Ed. 3.

■ The mere fact that plaintiff is engaged in interstate commerce and proposes to use the property involved for that purpose does not affect the validity of the ordinance. The restrictions as to use are not directed toward the regulation of commerce, and the effects on commerce are no less incidental than those of restrictions as to use for stockyard purposes in residential districts. As such they are not so repugnant to the right or power to regulate interstate commerce as to constitute an unwarranted invasion. By the same reasoning the ordinance is reconcilable with the provisions of the Federal Communications Act of 1934, as amended, pertaining to the regulation of radio broadcasting. 47 U.S.C.A. § 151 et seq.

The ordinance itself withstands the general tests of validity raised in the Court below, and plaintiff must seek his remedy in the administrative procedures that are applicable.

The judgment of the District Court will be affirmed.