**Ralph ROBEY et al., Appellants,**

v.

**James E. SCHWAB et al., as Members of the Board of Zoning Adjustment, et al., Appellees.**

**WOODLEY HILL AREA HOME OWNERS ASSOCIATION et al., Appellants,**

v.

**Samuel SCRIVENER, Jr., et al., as Members of the Board of Zoning Adjustment, District of Columbia, et al., Appellees.**

**Nos. 16660 and 16661.**

United States Court of Appeals District of Columbia Circuit.

Argued March 26, 1962.

Decided June 12, 1962.

Petition for Rehearing Denied July 16, 1962.

Mrs. Louise Roe Smethurst, Washington, D. C., with whom Mr. Raymond S. Smethurst, Washington, D. C., was on the brief, for appellants in No. 16660.

Mr. John Wattawa, Washington, D. C., for appellants in No. 16661.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees, Board of Zoning Adjustment and Ilgenfritz.

Mr. John L. Hamilton, with whom Mr. George E. Hamilton, III, Washington, D. C., was on the brief, for appellee O'Boyle.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Complaints were filed by appellants [plaintiffs] in the District Court seeking injunctive and mandatory relief from a decision and order of the Board of Zoning Adjustment which granted a special exception for the construction of a private school in an area zoned as residential. The complaints were consolidated and cross motions for summary judgment were filed by the respective parties. The District Court granted summary judgment in favor of appellees [defendants] and these appeals followed.

Among other assertions of error, the appellants contend they were denied a fair hearing before the Board of Zoning

Adjustment, that the action of the Board was arbitrary, capricious, not supported by the evidence, invalid for procedural irregularities, and contrary to the zoning regulations.

Under the Zoning Act of the District of Columbia, a Zoning Commission was created, whose function it is to make the zoning regulations to be applied in the District.[1] A Board of Zoning Adjustment was also created, whose function is, *inter alia*, to grant or deny, in accordance with certain prescribed standards, applications for special exceptions to the zoning regulations.[2]

On January 29, 1960, Patrick A. O'Boyle, Roman Catholic Archbishop of Washington, a corporation sole, one of the appellees [hereinafter applicant] on the instant appeal, filed with the Board an application for a special exception to permit the erection of a private school[3] in an area zoned R–1 residential.[4] Accordingly, acting pursuant to the pertinent provisions of the zoning regulations,[5] the Board set a date for public hearing on the application.[6] Appellants are property owners who appeared at the hearing and introduced both oral and documentary evidence in an attempt to sustain the position that the private school in question should not be erected in their residentially zoned area

On April 11, 1960, after the hearing on the application had been concluded but before the Board had reached its decision, the applicant mailed a letter to the Board suggesting certain alterations in the plans with respect to the structure of the proposed school. Thereafter, on May 24, 1960, the Board entered an order granting the special exception and incorporating certain structural features suggested in applicant's letter of April 11 as, for example, the erection of a single two-story building instead of three separate buildings as proposed in the plans initially submitted with the application. Appellants strenuously objected to the propriety of the order. In view of these objections, the Board scheduled a rehearing at which the time for argument was expressly limited to fifteen minutes for each side. At the rehearing, the

1. § 5–413 D.C.Code (1961).

2. § 5–420 D.C.Code (1961).

3. Section 3101.42 of the Zoning Regulations permits the Board to grant a special exception for the construction of a private school in an R-1 District, provided that:

"(a) It is so located that it is not likely to become objectionable to adjoining and nearby property because of noise, traffic, number of students, or otherwise objectionable conditions;

"(b) Ample parking space, but not less than that required in Article 72 of these regulations, is provided to accommodate the students, teachers, and visitors likely to come to the site by automobile, and

"(c) The use will be reasonably necessary or convenient to the neighborhood which it is proposed to serve." [This subsection (c) was repealed by the Zoning Commission on June 14, 1960.]

4. Section 3101.1 of the Zoning Regulations provides: "The R-1 District is designed to protect quiet residential areas now developed with one-family detached dwellings and adjoining vacant areas likely to be developed for such purposes. The regulations are designed to stabilize such areas and to promote a suitable environment for family life. For that reason only a few additional and compatible uses are permitted * * *."

5. "Section 8203.4. A public hearing shall be held on each appeal or application to the Board.

\* \* \* \* \* \* \*

"Section 8203.7. At a hearing the order of procedure shall be as follows:

"Section 8203.71. Appellant's or applicant's side of the case;

"Section 8203.72. Director's, Department of Licenses and Inspections, Commissioners' of the District of Columbia, or other administrative officer's side of the case;

"Section 8203.73. Interested property owners' or other interested persons' side of the case; and,

"Section 8203.74. Appellant's or applicant's rebuttal."

6. At the hearing on any application, the burden of proof rests with the applicant. Section 8203.8 of the Zoning Regulations reads: "In all cases before the Board the burden of proof shall rest with the appellant or applicant. If no evidence is presented in opposition to his case he shall not be relieved of this responsibility * * *."

applicant for the first time formally [7] submitted the altered plans to the Board. At the close of this rehearing the Board again took the matter under consideration and, on August 17, 1960, issued an amended order approving the special exception.

In granting applicant the present special exception, the Board's order and its opinion in support thereof are basically devoid of any specific findings with respect to the decision rendered. In fact, the order of the Board is little more than a reiteration of the language of the regulations insofar as they set forth the conditions necessary for the allowance of a special exception of the type involved here.[8] Consequently, we think the first question to be resolved on this appeal is whether the Board's order can properly be sustained on so general a predicate.[9]

We think the key to the proper resolution of this matter is to be found in the interpretation of Sections 8202.6 and 8202.64, which specify:

"Section 8202.6. Subject to the direction of the Board and its Chairman the Secretary of the Board shall perform the following duties:

\* \* \* \* \* \*

"Section 8202.64. Enter in the minutes book the resolution relating to each case acted on by the Board, the vote of each member of the Board, those absent or failing to vote being so marked, all other actions of the Board and the *full reasons for its decisions.*" [Emphasis added.]

■ Obviously, Section 8202.64 calls for something more than a mere mechanical recitation of the regulatory provisions that authorize the granting of a special exception. With or without the express inclusion of the requirement of "full reasons," the ultimate factors established by the Zoning Regulations as the prerequisites for the allowance of a special exception of the type involved here [10] must be satisfied before the Board may lawfully issue a decision on the merits of an application. Consequently, we are of the opinion that the interpretation of the requirement of "full reasons" must be made in the light of what experience has shown to be the soundest approach to the review and disposition of administrative determinations of a quasi-judicial character. In Saginaw Broadcasting Co. v. Federal Com. Comm'n, 68 App.D.C. 282, 96 F.2d 554

---

7. Although the applicant mailed the alternate plans to appellants simultaneously with his mailing them to the Board, appellants could not be sure that these would be the precise plans actually presented at the rehearing. The alternate plans mailed by the applicant to the appellants were not embodied in the appropriate form contemplated by Section 8203.1 of the Zoning Regulations, nor did the order of the Board scheduling the rehearing specify the exact plans that would be discussed. Thus appellants came to the rehearing lacking any binding assurance concerning the exact specifications to be contained in the alternate plans.

8. As an example, subparagraph (3) of the Board's order reads: "The parochial school for the St. Thomas Apostle Church is a private school falling within the perview [sic] of paragraph 3101.42 [note 3, supra] of the Zoning Regulations. The school as limited by conditions hereinafter set forth is not likely to become objectionable to adjoining and nearby

property because of noise, traffic, number of students or otherwise objectionable conditions; the use is reasonably necessary and convenient to the neighborhood which it is proposed to serve, and ample parking space is provided to accommodate students, visitors, and teachers. The use is in harmony with the general purpose and intent of the Zoning Regulations and maps and will not tend to have adverse effect upon the use of neighboring property in accordance with said regulations and maps."

9. At the oral argument of this appeal, the parties were asked to submit memoranda (which they subsequently did) in response to the following question asked by this court: "Is it essential to the validity of a decision of the Board of Zoning Adjustment that the Board make findings of fact whether required by statute, regulation, or principles of 'fair play' so that the reviewing court will know the basis of the Board's decision."

10. See note 3, supra.

(1938), we stressed the underlying rationale of the requirement of full and complete findings by an administrative agency.[11] And see the discussion concerning this issue in Tri-State Broadcasting Co. v. Federal Com. Comm'n, 68 App.D.C. 292, 96 F.2d 564 (1938).

■ Accordingly, we think the requirement of "full reasons" must be construed to mean that, in order to support its conclusions, the Board shall make basic findings of fact in terms of the regulatory criteria established for determinations regarding special exceptions to the zoning regulations.[12] We do not mean, of course, to imply that the Board's findings must be set forth with such minute particularity as to amount to an exhaustive summation of all the evidence of record. We hold only that in a given case the Board must assume the responsibility of expressing the basic facts on which it relied[13] with sufficient specificity to convey to the parties, as well as to the court, an adequate statement of the facts which persuaded the Board to arrive at its decision.

■ As the order appealed from is insufficient to meet the requirements imposed by Section 8202.64 of the Zoning Regulations, it follows that the case must be remanded to the Board for findings of fact.

■ Upon the remand, the Board is also directed to correct certain procedural irregularities that occurred in connection with hearings heretofore held on this application. Specifically, appellants are entitled to another hearing, if they desire one, on the proposed new school, in advance of which they are to be given official notice of the exact plans the Board will ultimately consider in determining its action on the application; and, thereafter, appellants are to be accorded full opportunity at the hearing to present evidence and oral argument concerning the extent to which the tendered plans have any bearing on the proper application of the pertinent sections of the Zoning Regulations.

The judgment of the District Court is reversed and the cases are remanded with instructions to remand the cases to the Board of Zoning Adjustment for further proceedings not inconsistent with this opinion.

It is so ordered.

11. "The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case has been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. The requirement of findings is thus far from a technicality." 68 App.D.C. at 287, 96 F.2d at 559.

12. Cf. Prusik v. Board of Appeal of Building Department, 262 Mass. 451, 457, 160 N.E. 312 (1928); Gaunt et al. v. Board of Appeals of Methuen, 327 Mass. 380, 99 N.E.2d 61 (Sup.Ct.Mass.1951).

13. In connection with this requirement it is not inappropriate to recall Judge Frank's observation in United States v. Forness, 125 F.2d 928, 942 (2d Cir.), cert. denied, City of Salamanca v. U. S., 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942): "Often a strong impression that, on the basis of the evidence, the facts are thus-and-so gives way when it comes to expressing that impression on paper."