**James P. DONOVAN et ux., Plaintiffs,**

v.

**Frederick J. CLARKE et al., Defendants.**

**Civ. A. No. 674-62.**

United States District Court
District of Columbia.

Oct. 17, 1963.

James P. Donovan, Washington, D. C., for plaintiff.

Chester H. Gray, Corp. Counsel, John A. Earnest and George H. Clark, Assts. Corp. Counsel, Washington, D. C., for defendants.

WALSH, District Judge.

This matter comes before the court on a complaint for a mandatory injunction to compel the Zoning Commission of the District of Columbia to rezone certain property owned by the plaintiffs from residential to commercial. This complaint was first heard in Civil Action No. 771-59 on December 5, 1961. That action was dismissed without prejudice on December 14, 1961, and remanded to the Zoning Commission with a directive from the court that it hold a hearing *de novo.* Said hearing was held as ordered on January 17, 1962, and the Commission again denied plaintiffs' request for commercial zoning.

Plaintiffs then filed the present complaint for a mandatory injunction, and this case was heard on March 27, 1963, and, subsequently, extensive briefs were submitted.

The Court has before it only the record of the hearing before the Commission and the minutes of the Executive Session, which indicate merely a negative finding on plaintiffs' petition. Because of the manifest difficulty of reviewing the action of the Zoning Commission to ascertain whether, in our opinion, the determination was arbitrary and unreasonable, the Court, after careful consideration, will order that this matter be remanded to the Zoning Commission for findings of fact to indicate the Commission's reasons for denial of plaintiffs' petition for rezoning.

The law is well settled that "[a] suit to declare a zoning order void is not an appeal on the merits of the issues presented to the Commission at its hearing." Wolpe v. Poretsky, 79 U.S.App. D.C. 141, 143, 144 F.2d 505, 507 (1944). See, also, Lewis v. District of Columbia, 89 U.S.App.D.C. 72, 190 F.2d 25 (1951).

In Lewis v. District of Columbia, supra 190 F.2d at 27, the Zoning Commission "adopted the report and recommendation of the Zoning Advisory Council, which concluded that the proposed change was 'undesirable and unjustified.'" In that case the District Court and the Court of Appeals had before them findings of fact on which the Zoning Commission had based its determination. The reviewing court was not obliged to go to the merits of the issues presented to the Commission, but were able to decide if the determination was arbitrary and unreasonable on the basis of the rationale stated by the Zoning Advisory Council and adopted by the Commission.

In the instant case, the Zoning Advisory Council had offered no objections to the rezoning; but the Zoning Commission did not accept the recommendations of the Zoning Advisory Council, and rejected plaintiffs' petition without a reason being stated. This leaves the Court with no choice but to go to the merits, which is clearly improper, or, to remand to the Commission for findings of fact on which the determination was based.

In addition, the plaintiffs herein submitted written interrogatories under Rule 33 of the Federal Rules of Civil Procedure, which, among other things, requested defendants to state their reasons for denying the petition for rezoning. The defendants filed objections to the interrogatories, but such objections were overruled by this Court on October 5, 1960, after being persuaded that, inasmuch as the Zoning Commission rejected the report of the Zoning Advisory Council without making known its reasons, the plaintiffs were entitled to the information requested in the interrogatories.

The answers to the interrogatories revealed no insight into the reasons for the decision by the Commission. The ninth interrogatory requested as follows:

"What was your reason for having voted to deny plaintiffs' request for a change in the zoning classification for their property, with other property lying on the North side of Bowen Road, Southeast, between 44th Place and 46th Street?"

The reply to this interrogatory by defendant Welling stated:

"My vote and opinion were based on the facts in the case and on the requirements of the zoning law and the zoning regulations."

Additional interrogatories pertaining to the reasons of the Commission were answered in an identical manner. These replies are not responsive to the interrogatories and offer no insight into the rationale for the conclusion of the Zoning Commission.

In Robey v. Schwab, 113 U.S.App.D.C. 241, 307 F.2d 198 (1962), the Court of Appeals remanded a case to the Board of Zoning Adjustment for findings of fact which had persuaded the Board to arrive at its decision. Robey is distinguishable as the Board of Zoning Adjustment is required by section 8202.64 of the D. C. Zoning Regulations to give "full reasons for its decisions", whereas there is no such requirement imposed on the Zoning Commission. However, in Robey, supra 307 F.2d at page 201, the court stated:

" * * * Consequently, we are of the opinion that the interpretation

of the requirements of 'full reasons' must be made in the light of what experience has shown to be the soundest approach to the review and disposition of administrative determinations of a quasi-judicial character."

In Saginaw Broadcasting Co. v. Federal Communications Commission, 68 App. D.C. 282, 287, 96 F.2d 554 (1938), the court required findings of fact in order to apprise "the reviewing tribunal of the factual basis of the action of the court or commission * * *".

 It is well established that the authority of the Zoning Commission is legislative. Zahn et al. v. Board of Public Works et al., 274 U.S. 325, 328, 47 S.Ct. 594, 71 L.Ed. 1074 (1927); Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 388, 395, 47 S.Ct. 114, 71 L.Ed. 303.

 Certainly the functions of the Commission in planning comprehensive zoning for the District of Columbia are legislative; but, it appears to this Court that whenever the Commission acts on the petition of a resident for a change in the zoning of his property, it acts in a quasi-judicial capacity, in that a determination must be reached on the evidence adduced and the applicable law, ever mindful of their responsibility to the interests of the community to protect the health, safety and welfare. Such a determination is subject to review by the courts, not on the merits of the issues presented, but as to whether the action was justified or was capricious, arbitrary, unreasonable or discriminatory. Such a review can only be accomplished when the decision of the Commission contains findings of fact on which the decision was based.

We are unable to locate any authority in this jurisdiction which requires that the Zoning Commission state findings of fact for a particular decision. However, other jurisdictions have so held. In Petrarca v. Zoning Board of Review, 78 R.I. 130, 80 A.2d 156 (1957), the court held as follows:

"Petitioner's complaint that the board failed to give any reason for its decision is justified. Here, as in other instances that have come to our attention, the board did not perform its duty in accordance with our repeated direction to the effect that a zoning board should set forth, even though it be in a summary manner, the ground or grounds for its action. The parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt and unnecessary delay."

See also Zoning Law and Practice, Yokely (1953), sec. 145, in which the author cites Petrarca and several other cases which require that the zoning authority set forth reasons for its action.

This court is of the opinion that a proper review cannot be conducted until the Zoning Commission sets forth its rationale for the action in this case, and, as stated in Robey v. Schwab, 307 F.2d at 202:

"* * * We do not mean, of course, to imply that the Board's findings must be set forth with such minute particularity as to amount to an exhaustive summation of all the evidence of record. We hold only that in a given case the Board must assume the responsibility of expressing the basic facts on which it relied with sufficient specificity to convey to the parties, as well as to the court, an adequate statement of the facts which persuaded the Board to arrive at its decision."

Therefore, in accordance with the foregoing, it is by the Court, this 16th day of October, 1963,

Ordered, that this matter be, and the same hereby is, remanded to the Zoning Commission for the District of Columbia with the directive that the Commission submit findings of fact in support of the denial of plaintiffs' petition for the commercial zoning of their property.