### INTERNATIONAL INSTITUTE OF INTERIOR DESIGN, INC., Appellant,

v.

### Samuel SCRIVENER, Jr., et al., Appellees.

### No. 19827.

United States Court of Appeals District of Columbia Circuit.

Argued April 5, 1966.

Decided May 17, 1966.

Mr. Arthur B. Hanson, Washington, D. C., with whom Mr. W. Frank Stickle, Jr., Washington, D. C., was on the brief, for appellant.

Mr. David P. Sutton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees. Mr. Bruce S. Mencher, Asst. Corp. Counsel, also entered an appearance for appellees.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge.

---

7. See note 3 supra.

## PER CURIAM.

Appellant applied to the Board of Zoning Adjustment for a special exception to permit use of the premises at 2225 R Street, N.W., for a school of interior design. The Board denied the application after concluding that:

> [A] use of this magnitude in this residential area will not be in harmony with the general purpose and intent of the Zoning Regulations and Map and will tend to adversely affect the use of neighboring property * * *.

The District Court upheld the decision of the Board and this appeal followed.

Upon consideration of the entire record we find that there was substantial evidence to support the Board's decision. Accordingly, the judgment of the District Court is affirmed. However, we are constrained to point out inadequacies in the Board's findings of fact in this case. For example, one of appellant's principal contentions before the Board was that the surrounding area, although zoned R-3, was no longer devoted to residential use and for that reason a school located on the premises in question would not adversely affect the neighborhood. The Board's opinion did not examine the various uses of property in the neighborhood in order to rebut this theory, but merely contented itself with the naked conclusion that the area was residential. Similar failures to explain fully the underlying facts were evident with respect to the Board's conclusions concerning the effect upon the neighborhood of the number of students attending the school and of the proposed conversion of a yard into a parking compound. These inadequacies forced this court to search the record for evidence to support the Board's conclusions and thereby greatly impeded our review of the case. *Cf., e. g.,* Saginaw Broadcasting Co. v. FCC, 68 App.D.C. 282, 287–289, 96 F.2d 554, 559–561, cert. denied, 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938); Washington Gas Light Co. v. Baker, 88 U.S.App.D.C. 115, 127, 188 F.2d 11, 23 (1950), cert. denied, 340 U.S. 952, 71 S.Ct. 571, 95 L.Ed. 686 (1951); Robey v. Schwab, 113 U.S.App. D.C. 241, 307 F.2d 198 (1962).

Affirmed.