**HUNT OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent.**

**No. 19218.**

United States Court of Appeals
Fifth Circuit.

July 19, 1962.

---

37. Mississippi River Fuel Corp. v. F. P. C., 1960, 108 U.S.App.D.C. 284, 281 F.2d 919, at 927.

Robert E. May, Richard F. Generelly, Washington, D. C., Robert W. Henderson, Thomas G. Crouch, Robert M. Kennedy, Dallas, Tex., for petitioner.

Howard E. Wahrenbrock, Sol., F. P. C., Milton J. Grossman, Arthur H. Fribourg, Ralph S. Spritzer, Attys., F. P. C., Robert L. Russell, Asst. Gen. Counsel, Washington, D. C., for respondent.

Before BROWN, WISDOM and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This case was thought to present problems essentially similar to Hunt et al. v. F. P. C., 5 Cir., 1962, 306 F.2d 334 (our Dockets Nos. 19065, 19113, 19114, 19153, 19154, 19155, 19156, 19212, 19213, 19214). The principal difference was that this case relates to a permanent certificate. Additionally, the price reduction imposed by the Commission as a condition was contained in an amendment to the contract. The contract, as thus forceably amended, did not undertake, as did those in the other cases, to allow a subsequent increase.

■ While it is true that the certificate, to the extent that it undertook to deny the producer the right to file and obtain § 4, 15 U.S.C.A. 717c, increases, cannot stand in view of our holding in the other cases, we think that special factors here involved require that further disposition of this proceeding be postponed. Decision in the instant proceeding should await the final determination of related and subsequent proceedings now pending in this Court.

The order sought to be reviewed here is that of May 31, 1961, rejecting a proposed increased rate filing. The filing was rejected on the ground that the contract amendment providing for an 18¢ rate deprived the Producer of the necessary contract basis for the attempted increase to 20¢ per Mcf. United Gas Pipe Line Co. v. Mobile Gas Service Corp., 1956, 350 U.S. 332, 76 S.Ct. 373, 100 L. Ed. 373. In the meantime, however, the Court of Appeals for the District of Columbia in Public Service Commission v. F. P. C., 1961, 111 U.S.App.D.C. 153, 295 F.2d 140, cert. denied, sub nom. Shell Oil Company v. Public Service Commission, December 18, 1961, 368 U.S. 948, 82 S.Ct. 388, 7 L.Ed.2d 343, held that in the proceeding resulting in this permanent certificate the Commission had erred in denying the intervention of the New York Public Service Commission. In compliance with what it construed to be the mandate of the Court of Appeals, the Commission on November 2, 1961, issued an "order granting intervention, setting aside certificates and issuing temporary authorizations."

This temporary authorization was subject to the conditions (1) that the initial rate (18¢) remain in effect until changed by a Commission order and (2) that the producer agree to refund any amounts collected in excess of the amount ultimately determined by the Commission. On December 28, 1961, petitioners' application for rehearing was denied. Thereafter the producers filed timely petitions for review with this Court which are now pending on our Docket as Nos. 19499 and 19500.[1]

[redacted] The petitioner objects to our considering any of these subsequent matters. The Commission, relying on them, asserts that this cause is moot. Anything which bears upon the actual mootness of a controversy is a proper subject for a Court's consideration. See, e. g., Doremus v. Board of Education, 1952, 342 U.S. 429, 432–433, 72 S.Ct. 394, 96 L.Ed. 475. See also Midwestern Gas Transmission Co. v. F. P. C., 1958, 103 U.S.App.D.C. 360, 258 F.2d 660, vacated on suggestion of mootness, 358 U.S. 280, 79 S.Ct. 316, 3 L.Ed.2d 299; Flight Engineers, etc. v. American Airlines, Inc., 5 Cir., 1962, 303 F.2d 5, n. 3. But we do not think that anything is to be gained by describing this proceeding as moot, dismissing it, only to have to deal with many of the same problems when we come to the related cases, see note 1, supra. What the Natural Gas Act does not need is nit picking decisions on little picayunish points which may or may never recur again. It is academic now, at least so far as it appears, for us to undertake to state what rights were or were not accorded by a permanent certificate which the Commission, either rightly or wrongly, has felt obliged to vacate because of the intervening order of the Court of Appeals of the District of Columbia. If the vacation of that permanent certificate was proper, then all questions relating to such permanent certificate would wash out. If the vacation was erroneous, then we would be faced with deciding the issues now asserted. But that crucial question will be determined in the subsequent proceedings, see note 1, supra.

Depending on the outcome of those proceedings we will, or will not, have to make a decision. Consequently, it is our view that the present proceeding should be consolidated with the proceedings in Docket Nos. 19499 and 19500 for reargument and submission with it.[2]

[redacted]

1. These related cases are Hassie Hunt Trust et al. v. F. P. C., No. 19499, and Placid Oil Co. v. F. P. C., No. 19500.

2. We have examined the papers in those dockets. If the Commission's motion to dismiss or transfer to the District of Columbia is sustained, it will mean that the instant cause 19218 will remain in abeyance pending decision of the transferred cases.