Robert M. HELTON, Individually, and Helton Oil Company, a Partnership, Appellant,

v.

CITY OF BURKBURNETT, Appellee.

No. 18433.

Court of Civil Appeals of Texas, Fort Worth.

June 25, 1981.

Rehearing Denied July 23, 1981.

R. M. Helton, Wichita Falls, for appellant.

Walter Nelson, Burkburnett, Clyde Fillmore, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

Robert M. Helton challenges the constitutionality of Ordinance No. 375 of the City of Burkburnett. This case stems from his refusal to comply with that Ordinance. Ordinance No. 375 regulates the drilling and operation of oil wells within the city limits.

Helton refused to obtain a permit to drill an oil well prior to the commencement of drilling operations at a location designated as the "Beach Lease". The Beach Lease is located within the city limits in the southern, relatively undeveloped, section of the City of Burkburnett. The city responded to this refusal by obtaining a permanent injunction enjoining Helton from further drilling until he obtained a permit from the city as required by Ordinance No. 375.

Helton seeks to reverse this holding, asserting that Ordinance No. 375 violates the 14th Amendment of the U. S. Constitution on its face and as applied to the Beach Lease.

Helton raises two points of error, arguing that Ordinance No. 375 violates the 14th Amendment of the U. S. Constitution in that it denies him due process of law and equal protection of the law.

We overrule each point of error and affirm the judgment.

Helton's primary complaint is that Ordinance No. 375 purports to provide the power to totally prohibit drilling and as such goes beyond the legitimate use of the city's police power, that it does more than merely regulate when it purports to possess the power to totally prohibit the use of the land and the underlying minerals.

The city argues that Ordinance No. 375 exists as a valid exercise of its police power. We agree.

The Ordinance regulates in the following ways: It requires a permit to drill within the city limits. It charges a permit fee of $250.00. It requires a surety bond to be filed with the city. It requires the lessee to carry a minimum amount of insurance, covering personal injury and property damage. It prohibits wells from being drilled within fifty feet and tank batteries from being located within one hundred feet of a residence, or a commercial or public structure unless a signed, notarized release is obtained in advance from the such owners. It authorizes the City Commissioners to refuse any permit to drill a well "where by reason of such particular location and the character and value of the permanent improvements already erected on or adjacent to the particular location in question, for school, hospital park civic purposes, health reasons, safety reasons, or any of them where the drilling of such wells on such particular location might be injurious or be a disadvantage to the city or it's inhabitants as a whole or to a substantial number of it's inhabitants or would not promote orderly growth and development to the city."

Comprehensive zoning has long been established as a legitimate exercise of a city's police power. *Euclid v. Ambler Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

In determining the constitutionality of an ordinance passed pursuant to the police power of the city it must be borne in mind that the presumptions favor the ordinance. For a challenge to be successful the ordinance must clearly appear to be unreasonable and arbitrary. *Zahn v. Bd. of Public Works*, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074 (1927). In making this determination this court is not entitled to substitute its judgment for that of the city and its officers. *Zahn v. Bd. of Public Works, supra.*

Helton argues that Ordinance No. 375 is invalid in that it presumes to grant the city the authority to take away or impair his vested right to reach the oil underlying his property. However, the deprivation of individual rights cannot prevent the operation of the police power, once it is shown that its exercise is within the meaning of due process of law. *Hadacheck v. Los Angeles*, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915). Nor do we conclude that Ordinance No. 375 works a deprivation of vested property rights. It neither prohibits the drilling of oil and gas wells nor their maintenance and operation. The Ordinance merely provides rules facilitating the orderly and harmonious development of both oil exploration and city growth.

We find that Ordinance No. 375 is neither unreasonable, arbitrary, nor discriminatory upon its face or as applied. Its enforcement does not deprive Helton of his property rights without due process of law.

Nor does the challenged Ordinance deny Helton equal protection of the law by creating a class of land owners—oil lease owners—regulated apart from other land owners. This Ordinance applies to all persons similarly situated within the city limits. As stated in 56 Am.Jur.2d, *Classification* § 365 (1971):

"The equal protection clause of the Fourteenth Amendment does not prohibit a municipality with properly delegated powers from enacting ordinances based on reasonable classification of the objects of the legislation or of the persons whom it affects. Ordinances will not be regarded as special and class legislative merely because they affect one class and not another, provided they affect all members of the same class alike; if a classification in municipal ordinances is reasonable, including all that may fairly be said to be similarly situated and affecting

alike all of those, there is no forbidden discrimination. Thus, specific municipal regulations for one kind of business, which may be necessary for the protection of the public, can never be the just ground of complaint because like restrictions are not imposed upon other businesses of a different kind. . . ."

We overrule each of Helton's points of error and affirm the judgment of the trial court.