**John UNGER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–041–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 27, 1982.

Rehearing Denied March 10, 1982.

Discretionary Review Refused
June 2, 1982.

Helton, Copeland & Southard and R. M. Helton, Wichita Falls, for appellant.

Walter Nelson, Burkburnett, Clyde Fillmore, Wichita Falls, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Appellant, Unger, drilled an oil well within the city limits of Burkburnett, Texas, a home rule city, on or about July 8, 1977, without securing a drilling permit as required by City of Burkburnett Ordinance No. 309. Appellant was convicted of violating the ordinance by the Judge of Corporation Court in Burkburnett, Texas on August 24, 1977. Upon appeal to the County Court of Wichita County, appellant entered a plea of "not guilty", waived a jury and was found guilty by the Court and assessed, as his punishment, a fine of $105.00. From this conviction, appellant has brought this appeal.

We affirm.

Appellant has asserted four grounds of error on appeal. The first three attack the validity of Ordinance No. 309 on statutory grounds.

Appellant's first three grounds of error assert:

1. When the State of Texas authorized the Railroad Commission to regulate the oil and gas business in Texas, Burkburnett had no police power and authority to prohibit it;

2. A city ordinance which is in conflict with a state statute on the same subject is void; and

3. Ordinance No. 309 on its face shows city action that would regulate and restrict, among other things, land for trade, (and) industry within the meaning of Tex.Rev. Civ.Stat.Ann. art. 1011a–1011j, and failing to have incorporated within it all of the requirements of Tex.Rev.Civ.Stat.Ann. art. 1011b–1011j, the ordinance is void.

The appellee asserts that Burkburnett, under its police power has full authority to both regulate and prohibit the drilling of oil wells within its city limits. We agree.

In *Klepak v. Humble Oil & Refining Co.*, 177 S.W.2d 215 (Tex.Civ.App.—Galveston 1944, writ ref'd n. r. e.), the Court held at p. 218:

"However, it is held that the Legislature—in so delegating that authority to the Railroad Commission—did not thereby intend to nor accomplish the repeal of the fundamental law theretofore, as well as subsequently, existing, that municipalities in Texas have, under the police power, authority to regulate the drilling for and production of oil and gas within their corporate limits, when acting for the protection of their citizens and the property within their limits, looking to the preservation of good government, peace, and order therein. *Tysco Oil Co. v. Railroad Commission of Texas*, D.C., 12 F.Supp. 195; Id., D.C., 202; *Marrs v. City of Oxford (Ramsey v. City of Oxford)*, 8 Cir., 32 F.2d 134, 67 A.L.R. 1336."

Ground of error no. one is overruled.

We are convinced (ground of error no. 2) that the subject ordinance is not in

conflict with a state law on the same subject. This is the gist of the opinion in *Tysco Oil Co. v. Railroad Commission of Texas,* D.C., 12 F.Supp. 195. See also, *Klepak v. Humble Oil & Refining Co., supra.*

■ Appellant's third ground of error is also without merit. As contended by appellee, the subject ordinance is a valid exercise of the police power of the City of Burkburnett, a home rule city, and we agree with this contention. We find no authority that suggests that the exercise of its police authority by a Texas home rule city must incorporate within its ordinance all of the requirements of Tex.Rev.Civ.Stat.Ann. art. 1011b–1011j.

■ Appellant's final ground of error attacks the validity of the subject ordinance on "due process" and "equal protection" grounds under the Fourteenth Amendment to the United States Constitution. It is multifaceted and in part, is not unlike some of the contentions which were rejected by this court in *Helton v. City of Burkburnett,* 619 S.W.2d 23 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n. r. e.). However, we have thoroughly reviewed this ground of error and are of the opinion that the following principles, found in *Harper v. City of Wichita Falls,* 105 S.W.2d 743, 751 (Tex.Civ.App. —Fort Worth 1937, writ ref'd n. r. e.), apply in this case:

> " 'The general principles as to the presumption in favor of the constitutionality of enactments of the legislative department of the government apply not only to acts of the legislature, but the action of all law-making bodies. The right of the municipal authorities to decide on the reasonableness of regulations established by the corporation if generally recognized, and their decision is treated as controlling on the courts, unless the unreasonableness of the ordinance is fairly free from doubt.' "

Ground of error no. 4 is overruled.

The judgment of the trial court is affirmed.