SHELBY OPERATING COMPANY,
Appellant,

v.

CITY OF WASKOM, Texas, Aztec Manu-
facturing–Waskom Partnership, Ltd.,
and Aztec Manufacturing Co.-Waskom,
Appellees.

No. 06–97–00080–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 25, 1997.

Decided Dec. 19, 1997.

Opinion Overruling Rehearing
Feb. 20, 1998.

Edwin E. Buckner, Jr., Law Office of Edwin E. Buckner, Jr., Marshall, Ray N. Donley, Scott Douglass, McConnico, Austin, for Appellant.

Doyle W. Curry, Law Office of Doyle Curry, P.C., Marshall, Anne L. Gardner, Lori R. Thomas, Sam Rosen, Shannon, Gracey, Ratliff, Miller, Fort Worth, Dean Searle, Marshall, for Aztec Mfg.–Waskom.

J. Rodney Gilstrap, Smith & Gilstrap, Marshall, for City of Waskom.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

This is an appeal by Shelby Operating Company from a trial court's order dismissing as moot Shelby's case against the City of Waskom, Texas, Aztec Manufacturing–Waskom Partnership, Ltd., and Aztec Manufacturing Co.–Waskom (Aztec). Shelby contends that the trial court erred in the following respects: (1) in finding that an amended city ordinance applies to Shelby when Texas Government Code Section 481.143 prohibits such application; (2) in applying the amended city ordinance retroactively; (3) in dismissing the case as moot while there were still "live" issues in controversy; (4) in dismissing the case after having properly granted summary judgment for Shelby; and (5) in not allowing the summary judgment granted in favor of Shelby to stand as to the City of Waskom. We overrule these contentions and affirm the judgment of the trial court.

## BACKGROUND

Shelby is the operator of an oil, gas, and mineral lease on 303 acres situated in Harrison County. The lease, dated January 16, 1945, prohibits the drilling of any well within 200 feet of a building then in existence. At the time the lease was executed, the 303 acres were outside the city limits of Waskom, Texas. In 1981, the City of Waskom annexed the 10.58 acre tract in dispute in this case into the city limits, which tract was part of the 303 acres covered by the 1945 lease. Aztec purchased the surface rights to the 10.58 acre tract in May 1986. On June 24, 1987, the City of Waskom passed Ordinance No. 96, which prohibited the drilling of a well within 500 feet of a building without the permission of the surface owner.[1] The ordi-

---

1. Original Ordinance 96 reads:
   Sec. A–2. Well Location.
   (a) No well shall be drilled and no permit shall be issued for any well to be drilled at any location which is nearer than five hundred feet of any residence or commercial building without the applicant having first secured the written permission of the owner or owners thereof.

(Although Ordinance 96 requires the consent of the building owner, the parties in the suit discuss this provision in terms of the surface owner. We will do the same. In this case, Aztec is both the building and surface owner.)

nance also required that the lease operator secure a drilling permit from the city before beginning drilling operations. On August 16, 1996, Shelby requested written permission from Aztec to drill a well on the 10.58 acre tract. Specifically, the proposed well would be located in the southeast corner of the property, more than 200 feet but less than 500 feet from one of Aztec's buildings. Aztec did not consent to the proposed drill site. The City of Waskom would not issue a drilling permit to Shelby without Aztec's written permission.

Shelby filed suit against the City of Waskom on September 6, 1996, and amended the suit to include Aztec on September 23, 1996. In its petition, Shelby alleged breach of contract and sought declaratory relief, specific performance, injunctive relief, damages for drainage, and attorney's fees. Shelby argued that Aztec was contractually obligated under the 1945 lease to consent to the drilling of a well on the 10.58 acre tract as long as the drill site was at least 200 feet from the building. Shelby also argued that Ordinance 96 did not apply to the proposed well site and that it was entitled to a permit from the City of Waskom regardless of Aztec's refusal to consent. Further, Shelby sought injunctive relief allowing it to drill on the 10.58 acre tract under the terms of the 1945 lease without interference from Aztec or the City. As part of this injunctive relief, Shelby asked the trial court to require the City to issue a permit to Shelby allowing it to drill and also to compel Aztec to give written consent for the drilling operations. The trial court entered an order on December 4, 1996, denying Shelby's request for a temporary injunction.

Shelby filed an application for a drilling permit on December 16, 1996, which Shelby asserts met all the requirements for a permit except the required consent from Aztec. The ordinance required that applications be acted upon within thirty days of the filing of the application. The City of Waskom did not grant the permit.

On January 22, 1997, Shelby filed a motion for summary judgment asserting that the original lease constituted consent and that Ordinance 96 was arbitrary, capricious, and invalid. On May 9, 1997, the court granted

Shelby's motion and enjoined Aztec and the City of Waskom from interfering with Shelby's drilling activities on the 10.58 acre tract. On this same day, the trial court issued a stay of its summary judgment.

Although the summary judgment itself did not state the specific grounds for that judgment, the trial judge sent a letter to counsel dated May 5, 1997, which purportedly does state such grounds. The letter read:

Dear Counsel:

After reviewing once again the pleadings and briefing of counsel, it is this Court's opinion that the Defendant Aztec has under the terms of the lease consented to the drilling of any wells as provided by the lease; or, alternatively, the City Ordinance as applied in this case, is invalid and cannot override the terms of the contract between the parties with regard to the location of any drilling.

Dean Keeton at the University of Texas law school used to teach that most legal questions can be answered in terms of what is fair, right and just and that the law usually supports that position. I think in this situation, that is the case.

Defendant asserts that except for the police power of the city exercised through the Ordinance, the Plaintiff would clearly have the right to drill within 500 feet. The Court would agree that if the City Ordinance simply provided "no drilling within 500 feet of any commercial building," and assuming a valid reason for preventing such drilling, then Shelby's rights would be restricted by the lawful exercise of the police power.

But the city has not done that. Instead, the city leaves it up to the surface owner. The Ordinance as applied in this situation is not the valid exercise of the city's power to enact laws to protect the health and safety of its citizens. The city does nothing more than allow the surface owner to re-write its lease.

Surely this cannot be right.

Therefore, the relief requested by Plaintiff is granted.

The parties treated the summary judgment as a final disposition of the case, and on

May 14, 1997, Aztec filed a motion for new trial. On May 28, 1997, the City of Waskom amended Ordinance 96 ("Amended Ordinance 96") by deleting the offending consent provision. On June 4, 1997, Aztec asked the trial court to take judicial notice of the Amended Ordinance and filed a motion to dismiss the case as moot. The trial court granted a new trial and subsequently dismissed the case as moot on June 30, 1997. Shelby then brought this appeal.

## ANALYSIS

### I.

In its first point of error, Shelby argues that Amended Ordinance 96 cannot be applied to it because Section 481.143 of the Government Code prohibits the trial court and the City of Waskom from applying this amended ordinance as a matter of law. The relevant statute reads:

**§ 481.143. Uniformity of Requirements**

(a) The approval, disapproval, or conditional approval of an application for a permit shall be considered by each regulatory agency solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other duly adopted requirements in effect at the time the original application for the permit is filed. . . .

TEX. GOV'T CODE ANN. § 481.143 (Vernon Supp.1997).[2]

Shelby's original application for a permit was filed on December 16, 1996. The permit was not granted. Shelby argues that the filing of an application for a permit while the Original Ordinance 96 was in place required that any subsequent applications be considered under the Original Ordinance and not under the Amended Ordinance. Shelby asserts that if its application was considered under the Original Ordinance, it would be entitled to a permit, since it met all the other requirements except for the consent requirement which Shelby asserts was found to be void by the trial court, as evidenced by her letter to counsel dated May 5, 1997.

**2.** Although Section 481.143 of the Government Code has been repealed, the statute was in force at the time this controversy arose. (*Repealed by*

■ There is no applicable case law which helps us in construing Section 481.143. However, we believe a common sense interpretation of the statute and its purpose demonstrates that Shelby was not entitled to a permit under the Original Ordinance.

Section 481.143 was enacted to "alleviate bureaucratic obstacles to economic development." *See* TEX. GOV'T CODE ANN. § 481.141 (Vernon Supp.1997). It appears the purpose of the statute was to prevent a "regulatory agency" from changing the requirements for issuance of a permit while an application for such permit is in the review process. We believe the statute was designed to stop abuses by governmental bodies that would review an application and change the requirements while the application was being reviewed so that the permit could be denied. This is not the situation in the present case.

Shelby argues that any subsequent application filed after the amendment of the ordinance should relate back to the date of its first application, which was filed under the Original Ordinance. We disagree. Shelby's original application was filed on December 16. A permit was not issued because Shelby had not secured Aztec's consent, as was required by Section A–2 of the Original Ordinance. Shelby never filed a subsequent application for a permit and had no application pending at the time the ordinance was amended. We find that the filing, review, and denial of Shelby's initial permit application was separate and distinct from all future permit applications. The City of Waskom was free to change its ordinances and consider any new applications under the ordinances in effect at the time the new application was made.

If we read the statute as Shelby suggests, we believe such an interpretation would lead to more abuses than the enactment of Section 481.143 attempted to solve. Shelby is asking this Court to find that, although the permit application filed by Shelby was incomplete and Shelby was not entitled to a permit under the terms of the Original Ordinance, Shelby could, by merely filing an application,

Act of June 1, 1997, 75th Leg., R.S., ch. 1041, § 51, 1997 Tex.Gen.Laws 3943, 3966.)

"lock in" the requirements as to future permit applications, and the City would be incapable of changing those requirements as to them. We do not believe the Legislature intended such a result. Had Shelby had an application pending at the time Ordinance 96 was amended, we might reach a different conclusion.

■ Even if we determined that a permit application should be considered under the Original Ordinance, Shelby would not be entitled to a permit. It still has not secured Aztec's consent. Although Shelby asserts that the consent provision found in the Original Ordinance is illegal, we are not faced with that issue on this appeal. Shelby points to the granting of the summary judgment in its favor on May 9, 1997, and the letter from the trial judge on May 5, 1997, for the proposition that the consent provision was declared void. The summary judgment and the letter are of no legal effect.

■ The order granting summary judgment in favor of Shelby appears to have been intended as the final judgment in the case. It is entitled "Final Summary Judgment," and, although it does not precisely recite that it disposes of all parties and issues, it is apparent that the parties considered that it did. However, that order of summary judgment in favor of Shelby was stayed by the trial judge on the same day it was granted. Aztec filed a motion for new trial on May 14, 1997. This extended the trial court's plenary power until thirty days after the trial court entered a signed order acting upon the motion for new trial or for thirty days after the motion was overruled as a matter of law. TEX.R.CIV.P. 329b. Aztec's motion for new trial, which sought to vacate the judgment entered on May 9, and Aztec's motion to dismiss for mootness were granted on June 30, 1997. The trial court still had plenary power over the judgment at that time. A trial court's jurisdictional power over its judgment is full, complete, absolute, and unqualified. *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.–El Paso 1979, writ ref'd n.r.e.). Since the trial court had the authority to modify, withdraw, or otherwise alter the judgment during the period while the court still retained plenary power, Shelby had no vested right in the outcome. Shelby cannot point to a judgment that was later supplanted and assert that the judgment initially made in its favor had any legal effect. Shelby's point of error one is overruled.

## II.

In its second point of error, Shelby asserts that Amended Ordinance 96 cannot be applied retroactively. Shelby argues that it had a vested right to a permit under the Original Ordinance. Shelby asserts that the trial court's judgment of May 9, finding that Shelby was entitled to drill under the Original Ordinance, further bolsters this claim.

■ Unless vested rights are destroyed or impaired, a law is not invalid even though retroactive in operation. *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.,* 904 S.W.2d 621, 626 (Tex.1995). An ordinance is impermissibly retroactive if it impairs or takes away vested rights, creates heavy, new obligations, or imposes novel, expensive duties with respect to past transactions. *Baytown Constr. Co. v. City of Port Arthur, Texas,* 792 S.W.2d 554, 560 (Tex.App.–Beaumont 1990, no writ). A "vested right" implies an immediate right or entitlement—it is not an expectation or a contingency. *Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.,* 798 S.W.2d 580, 589 (Tex.App.–Houston [1st Dist.] 1990, writ denied).

■ If the ordinance requires that a drilling permit be obtained before a well is commenced and also prescribes the conditions which must be met, the granting of a permit is a ministerial act and is not discretionary. Accordingly, if the provisions of the ordinance are met, the permit must be issued and cannot be revoked. 5 EUGENE KUNTZ, OIL AND GAS § 68.3 (1991). If Shelby had met all the requirements for a permit in its application of December 16, it would have a vested right to the permit. However, this is not the case.

Under the Original Ordinance governing the issuance of a permit, Shelby was required to show written consent of the surface owner as a condition precedent to obtaining the

permit. Shelby did not have Aztec's written consent to drill within 500 feet of Aztec's building and, therefore, Shelby did not meet the requirements for a permit. Shelby had no vested right to the permit because it did not have consent.

▆▆▆ Shelby also complains that the Amended Ordinance should not be applied to it and that the Original Ordinance should govern. A party does not acquire a vested right in an ordinance and cannot prevent any change if the change amounts to a reasonable exercise of the police power. 5 EUGENE KUNTZ, OIL AND GAS § 68.3. If, before a right becomes vested in a person, the law upon which it is based is modified, that particular person no longer has a remedy to enforce his claim; if final relief has not been granted to him on the enforcement of a demand before such modification, then no relief can be granted on his demand after the effective date of the revision. *Walls v. First State Bank of Miami,* 900 S.W.2d 117, 121 (Tex. App.–Amarillo 1995, writ denied). Consequently, only final, nonreviewable judgments will be accorded the dignity of vested, constitutionally guarded rights, and a law will be deemed to have a prohibited retroactive effect only when it impairs those rights. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 267–69, 114 S.Ct. 1483, 1498–99, 128 L.Ed.2d 229, 254 (1994); *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870, 873 (Tex.Civ.App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.). Shelby had no vested right under the Original Ordinance, since it had not yet met all of the requirements for a permit. Therefore, the Amended Ordinance was not retroactive as to Shelby.

As discussed under point of error one, the trial court's granting of the summary judgment in Shelby's favor on May 9 was supplanted by the later order of the trial court dismissing the case as moot. The summary judgment in Shelby's favor was a nullity, and Shelby is not entitled to rely on it. Point of error two is overruled.

### III.

In its third point of error, Shelby asserts that "live" issues are still in controversy, such as breach of contract claims, drainage claims, and a constitutional challenge to the ordinance. Shelby argues that it was error for the trial court to dismiss the case as moot when such live claims were still unresolved.

▆▆▆ A case becomes moot or abstract when it does not rest, or ceases to rest, on any existing right or fact. Several corollaries of this rule are: (1) a case is not moot if some issue is still in controversy; (2) a case becomes moot if it is impossible for the court to grant effectual relief for any reason; (3) a case can become moot by reason of new legislation or acts which supersede existing legislation. *James v. City of Round Rock,* 630 S.W.2d 466, 468 (Tex.App.–Austin 1982, no writ) (citing *Swank v. Sharp,* 358 S.W.2d 950 (Tex.Civ.App.–Dallas 1962, no writ), and *Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138 (1962)). When a case becomes moot, the only proper judgment is one dismissing the cause. *Polk v. Davidson,* 145 Tex. 200, 196 S.W.2d 632, 633 (1946). In determining whether a case is moot, the court may consider anything that bears upon the question. *Hunt Oil Co. v. Federal Power Comm'n,* 306 F.2d 359, 361 (5th Cir.1962).

Shelby asserts that it still has breach of contract and drainage claims against Aztec due to Aztec's refusal to grant consent to drill within 500 feet of its building. Shelby bases these claims on the initial granting of the summary judgment in its favor where the trial court found that Shelby was entitled to a permit to drill. As discussed previously, that order of the trial court did not entitle Shelby to a permit, since the order was stayed while the trial court still had plenary power.

▆▆▆ In addition, Aztec was acting within its rights, as given under the Original Ordinance, in withholding its consent to drill. Since we must presume that the ordinance was a valid exercise of the city's police power absent a judicial determination otherwise, Shelby cannot claim that Aztec's reliance on the statute generated drainage damages for which Aztec should be liable.

▆▆▆ Shelby also asserts that the Amended Ordinance does not render moot its constitutional challenge to the Original Ordi-

nance. The amendment of a statute would not render moot the constitutionality of an earlier action based upon the statute. *Mollinedo v. Texas Employment Comm'n,* 662 S.W.2d 732, 738 (Tex.App.–Houston [1st Dist.] 1983, writ ref'd n.r.e.). Shelby's pleadings do not challenge the constitutionality of the Original Ordinance. Although Shelby claimed in its summary judgment motion that the ordinance is "arbitrary and capricious," it never amended its pleadings to support this claim. Shelby did not properly present the constitutionality claim at the trial court level and has not preserved such a challenge on appeal.

Shelby next argues that the trial court found the Amended Ordinance to be valid without any evidence to suggest that the Amended Ordinance was necessary for health and safety reasons. Shelby asserts that it is entitled to challenge the validity of the new ordinance. When discussing the validity of an ordinance, we should presume the ordinance is valid. The Texas Supreme Court said that "[i]n passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily, and the burden is on one who challenges an act to establish its unconstitutionality." *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). The same reasoning should be applied to actions by a municipal law-making body performing its legislative function.

In determining the constitutionality of an ordinance passed pursuant to the police power of the city, it must be borne in mind that the presumptions favor the ordinance. For a challenge to be successful, the ordinance must clearly appear to be unreasonable and arbitrary. *Helton v. City of Burkburnett,* 619 S.W.2d 23, 24 (Tex.Civ.App.–Fort Worth 1981, writ ref'd n.r.e.)(citing *Zahn v. Board of Public Works,* 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074 (1927)).

Shelby asserted that the City of Waskom did not show that the Amended Ordinance was related to the health and safety of the community. However, Shelby, as the challenger of the ordinance, had the burden to demonstrate that the ordinance is unreasonable and arbitrary; otherwise, we presume that the ordinance is valid. Shelby did not meet its burden but instead asks that we place that burden upon the City of Waskom to show that the ordinance was valid. The shifting of the burden would be improper. Since Shelby has not met its burden required to challenge the ordinance, we overrule this point of error.

## IV.

In its fourth point of error, Shelby argues that the trial court properly granted the summary judgment in its favor and erred in dismissing the case. As discussed previously, the order granting summary judgment to Shelby was of no effect, as if the trial court had never granted the summary judgment in favor of Shelby. The trial court retained plenary power over the judgment rendered on the summary judgment motion and was entitled to modify or otherwise change the judgment. The trial court dismissed the case as moot which, as discussed above, was a proper disposition of the case. This point of error is overruled.

## V.

In its fifth point of error, Shelby asserts that the trial court's summary judgment is still binding on the City of Waskom. Shelby asserts that since the City of Waskom did not file a motion for new trial within the appropriate thirty-day time period, and instead relied upon the motion for new trial filed by Aztec, the order granting the summary judgment in favor of Shelby stood as to the City of Waskom. TEX.R.CIV.P. 329b(a). Rule 329b(e) reads:

> (e) If a motion for new trial is timely filed by *any* party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX.R.CIV.P. 329b(e) (emphasis added).

The City of Waskom asserts that a plain reading of the statute allows the City to

rely on Aztec's motion. Waskom's reading of the statute is logical. The timely filing by any party of a motion for new trial invokes the extended appellate timetable for all parties. 6 McDonald Texas Civil Practice § 9.12(c) (1992). If the court read that statute as Shelby asserts that it should be read, every party in a suit would be required to file a motion for new trial before the trial court's plenary power would be extended. This is not the intent of the rule. This point of error is also overruled.

The judgment of the trial court is affirmed.

### OPINION ON REHEARING

On motion for rehearing, Shelby contends that it did meet all the requirements for a permit under the original ordinance because the lease constituted consent as required by Original Ordinance 96. In our original opinion, this Court stated that Shelby was not entitled to a permit because it had not secured Aztec's consent as was required by Original Ordinance 96. Shelby then argues that, "If this court does not change its opinion, it will have held, without discussion, that a surface owner in 1996 can unilaterally change an oil and gas lease executed in 1945." Shelby then charges this Court that, "The 'consent' issue is a question that is clearly pertinent to this court's decision and should not be avoided."

■ We write separately on the motion for rehearing to reduce any confusion regarding the ability of the surface owner to alter the provisions of a mineral lease and why the Court did not address the consent issue in our original opinion.

■ As to the ability of the surface owner to change the terms of a mineral lease, Texas law is well settled. The mineral owner possesses the dominant estate and the surface owner possesses the subservient estate. *Getty Oil Co. v. Jones,* 470 S.W.2d 618, 621 (Tex.1971). The surface owner may not unreasonably interfere with the mineral estate. *Ball v. Dillard,* 602 S.W.2d 521, 523 (Tex. 1980). In the present case, Aztec, as merely a surface owner, had no power of its own to change the original terms of the 1945 lease which required that the mineral owner be allowed to drill anywhere except within 200 feet of a building then in existence. However, Aztec was not relying on its own power under the lease when it refused to allow Shelby to drill within 500 feet of its building, but Aztec was relying on the police power of the City of Waskom which, embodied in the form of Ordinance 96, allowed Aztec to withhold its consent.

■ The right of an oil and gas operator to conduct drilling activities is not an absolute right, but is subject to reasonable restriction by the state. *Elliff v. Texon Drilling Co.,* 146 Tex. 575, 210 S.W.2d 558, 561 (1948). A city may enact reasonable regulations to promote the health, safety, and general welfare of its people. *City of College Station v. Turtle Rock Corp.,* 680 S.W.2d 802, 805 (Tex.1984). The development of oil and gas within the city limits is clearly an area subject to regulation under the police powers of a municipality. *See Unger v. State,* 629 S.W.2d 811, 813 (Tex.App.—Fort Worth 1982, writ ref'd); *Helton v. City of Burkburnett,* 619 S.W.2d 23, 24 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *see also Mills v. Brown,* 309 S.W.2d 919, 925–26 (Tex.Civ. App.—Amarillo 1958), *rev'd on other grounds,* 159 Tex. 110, 316 S.W.2d 720 (1958) (holding that municipal ordinance was legitimate exercise of police power and therefore constitutional).

Since we must presume that Ordinance 96 was valid, absent a showing from the challenger of the ordinance otherwise, we hold that Aztec, in withholding its consent, was simply acting within the scope of the ordinance and not as a surface owner independent of the ordinance.

■ As to whether or not the lease constituted consent under the ordinance, this Court finds that we are not squarely faced with that issue in the present case. Shelby's brief to this Court does not raise the consent issue. Shelby addressed the subject of consent only in the context that the trial court, when it originally ruled on Shelby's summary judgment motion, found that the lease did constitute consent. Shelby then proceeded to rely on this ruling of the trial court, which, as explained in our original opinion, was of no

legal effect. This Court may only review final judgments rendered at the trial court level. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). Whether or not the lease constituted consent was not an issue that the trial court disposed of in its final judgment. Therefore, this Court was not called upon to decide the issue in this appeal, and it would be improper for us to do so.

Shelby's motion for rehearing is overruled.