In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00038-CV
______________________________


LONGVIEW INDEPENDENT SCHOOL DISTRICT, Appellant
 
V.
 
VIBRA-WHIRL, LTD., Appellee


                                              

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2004-2557-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Vibra-Whirl, Ltd. (VW) and Longview Independent School District (LISD) executed a
written contract for the installation of a synthetic turf football field. A dispute arose, and LISD
refused to pay VW. VW sued LISD for breach of contract and violation of the Prompt Pay Act,
pursuant to Tex. Gov't Code Ann. § 2251.001–.055 (Vernon Supp. 2004–2005). LISD asserted
a general denial and a plea to the jurisdiction based on sovereign immunity. On January 28, 2005,
the trial court denied LISD's plea to the jurisdiction and ordered VW to "amend pleadings concerning
defendant's sovereign immunity." LISD timely filed its notice of interlocutory appeal pursuant to
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004–2005), and moved to stay
further proceedings pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (Vernon Supp.
2004–2005). The trial court stayed the proceeding March 16, 2005.
            On appeal, LISD raises two issues: 1) did the trial court err in denying LISD's plea to the
jurisdiction, and 2) did VW fail to state a claim pursuant to Tex. Gov't Code Ann. § 2251. We
affirm the trial court's order regarding the plea to the jurisdiction and find we have no jurisdiction
concerning the Chapter 2251 claim. 
Standard of Review
            Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is
properly asserted in a plea to the jurisdiction. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225–26 (Tex. 2004). We review de novo a plea to the jurisdiction based on sovereign
immunity because the question of whether a court has subject-matter jurisdiction is a matter of law. 
Id. at 226.
            1.         Governmental Immunity Does Not Bar this Suit
            It is well established in Texas that sovereign or governmental immunity protects
governmental entities from lawsuits for damages, unless consent is given. See Tex. Natural Res.
Conservation Comm'n v. It-Davy, 74 S.W.3d 849, 853–54 (Tex. 2002); Fed. Sign v. Tex. S. Univ.,
951 S.W.2d 401, 405 (Tex. 1997). LISD is a governmental unit and thus is protected from suit by
the doctrine of governmental immunity, unless waived. Governmental immunity encompasses two
principles: 1) immunity from liability, and 2) immunity from suit. It-Davy, 74 S.W.3d at 853. 
            Immunity from liability protects the State from judgments even if the Legislature has
expressly given consent to the suit. Fed. Sign, 951 S.W.2d at 405. However, when the State
contracts, the State is liable on contracts made for its benefit as if it were a private person. Id. 
Hence, when the State contracts with private citizens, it waives immunity from liability. Id. at
405–06. Here, LISD entered into a written contract with VW for installation of a synthetic turf
football field. VW provided services of earth work, concrete work, installing storm drain pipes, a
turf system, and all appurtenant work as specified in the contract. By entering the contract, LISD
waived its immunity from liability.
            Immunity from suit bars a suit against governmental entities unless it expressly gives its
consent to the suit.


 See City of Texarkana v. Cities of New Boston, et al., 141 S.W.3d 778, 785
(Tex. App.—Texarkana 2004, pet. filed). VW argues that LISD has waived its immunity from suit
by virtue of Section 11.151 of the Texas Education Code, which provides: "The trustees of an
independent school district constitute a body corporate and in the name of the district may acquire
and hold real and personal property, sue and be sued, and receive bequests and donations or other
moneys or funds coming legally into their hands." Tex. Educ. Code Ann. § 11.151 (Vernon Supp.
2004–2005) (emphasis added). 
            The Texas Supreme Court has held that the phrase "sue and be sued" is quite plain and such
language "gives general consent" to be sued in Texas courts. Missouri Pac. R.R. Co. v. Brownsville
Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970). Some courts have differed on the interpretation
of the Texas Supreme Court language. For instance, LISD cites City of Dallas v. Reata Construction
Company for the proposition that the phrase "sue and be sued" merely speaks to a school district's
capacity to sue and be sued when its immunity has been waived. 83 S.W.3d 392, 394 (Tex.
App.—Dallas 2002), rev'd on other grounds, No. 02-1031, 2004 Tex. LEXIS 303 (Tex. Apr. 2,
2004).


 
            Since Missouri Pacific's holding in 1970, the majority of related cases decided by the courts
of appeals have similarly held that the words "sue and be sued" provide a general waiver of
governmental immunity from suit and the Texas Supreme Court has continued to reaffirm this
position. See City of Texarkana, 141 S.W.3d at 786–89. This Court has previously held that
Missouri Pacific is binding precedent that the term "sue and be sued" authorizes general consent to
sue. Id. at 786 n.6. 
            VW argues that the Texas Supreme Court's decision in Missouri Pacific must now be read
in light of more recent pronouncements. After the Missouri Pacific decision, the Texas Supreme
Court in Duhart v. State, 610 S.W.2d 740 (Tex. 1980), held that a waiver of immunity from suit
must be expressed by the Legislature in clear and unambiguous language. Further, the Legislature
enacted Tex. Gov't Code Ann. § 311.034 (Vernon 2005), which likewise states that a statute should
not be construed as a waiver of sovereign immunity unless it was expressed in clear and
unambiguous language. VW argues that, in light of these later developments, the language granting
school districts the authority to "sue and be sued" does not clearly and unambiguously effect a waiver
of sovereign immunity. VW also argues that a more recent Texas Supreme Court case supports this
position. 
            In 2002, the Texas Supreme Court's discussion of whether another statute clearly and
unambiguously waived the State's immunity from suit turned on the omission of the "sue and be
sued" language. Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 249 (Tex. 2002). The
Court reasoned that the statute in question did not waive immunity because "the only language
arguably waiving sovereign immunity" (i.e., the "sue and be sued" language) was deleted from the
statute, "suggesting that [the Legislature] intended to preserve counties' immunity from suit." Id. at
250. VW argues the Texas Supreme Court has now found that the phrase "sue and be sued" only
arguably (rather than clearly and unambiguously) supports a waiver of immunity. 
            We disagree with this interpretation of Pelzel. The Pelzel court continued tracking the
history of the interpretation of the language "sue and be sued" and cited Missouri Pacific as holding
that it was "quite plain and gives general consent for [Brownsville Navigation District] to be sued
in the courts of Texas." Id. at 251. We are bound by the decision of the Texas Supreme Court in
Missouri Pacific; thus, we affirm the trial court's order denying LISD's plea to the jurisdiction. 
            2.         No Jurisdiction of Chapter 2251 Claim
            LISD argues that VW failed to state a cause of action under Chapter 2251 of the Texas
Government Code by failing to assert that it has completed the construction and that thirty days have
elapsed since the completion. The trial court denied LISD's plea to the jurisdiction and ordered VW
to amend the pleading concerning LISD's sovereign immunity. Also, the trial court stayed the
proceeding awaiting the outcome of the interlocutory appeal. The trial court refused to hear
arguments concerning the Chapter 2251 claim at the plea to the jurisdiction hearing. The trial court
order concerned only the plea to the jurisdiction and did not address the Chapter 2251 allegation. 
            Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final
judgment. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if authorized by statute. Stary
v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998). We have jurisdiction concerning the denial of the
plea to the jurisdiction by a governmental unit as authorized by Tex. Civ. Prac. & Rem. Code Ann.
art. 51.014(8). There is no statute authorizing appellate jurisdiction of an interlocutory order
concerning the Chapter 2251 claim. Further, the trial court has not ruled on this issue. This Court
may only review final judgments rendered at the trial court level. Hinde v. Hinde, 701 S.W.2d 637,
639 (Tex. 1985); Shelby Operating Co. v. City of Waskom, 964 S.W.2d 75, 84 (Tex.
App.—Texarkana 1998, pet. denied) (op. on reh'g). 
            Finding that we have no jurisdiction regarding the Chapter 2251 claim at this juncture, we
dismiss that claim for lack of jurisdiction. See Kaplan v. Tiffany Dev. Corp., 69 S.W.3d 212, 217
(Tex. App.—Corpus Christi 2001, no pet.). 
            We affirm the trial court's order denying the plea to the jurisdiction and dismiss for lack of
jurisdiction the Chapter 2251 claim. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 24, 2005
Date Decided:             August 4, 2005